SCOTT N. SCHOOLS (S.C. BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Ninth Floor
    San Francisco, California 94102
    Telephone:    (415) 436-6909
    Facsimile:    (415) 436-6748
    Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARGIE MCRAE, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES OF AMERICA, <br><br> Defendants. | No. C 07-1538 SBA <br><br> **MOTION TO DISMISS FOR DEFECTIVE PROCESS AND FAILURE TO SERVE COMPLAINT; DECLARATION OF JONATHAN U. LEE** <br><br> Date: September 11, 2007 <br> Time: 1:00 p.m. <br> Ctrm: 3 |

**TO PLAINTIFF MARGIE MCRAE:**

**PLEASE TAKE NOTICE** that on September 11, 2007 at 1:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, before the Honorable Saundra B. Armstrong, United States District Judge, Courtroom 3, 4th Floor, 1301 Clay Street, Oakland, CA 94612, the Federal Defendants Michael J. Astrue, Commissioner of the Social Security Administration and George W. Bush, President of the United States will and hereby do move the court for an order (1) dismissing the action under Federal Rule of Civil Procedure 12(b)(4) for defective process and (2) dismissing the action under Federal Rule of Civil Procedure 12(b)(5) for insufficiency of service of process because plaintiff has failed to serve moving party in

1  accordance with the requirements of Federal Rule of Civil Procedure 4(m), in less than 120 days
2  after filing her complaint.[1]

3  The motion will be based on this Notice of Motion and Motion, the Memorandum of Points
4  and Authorities filed herewith, Declaration of Jonathan U. Lee and attached exhibits, and the
5  pleadings and papers filed herewith.

6  This motion seeks a dismissal of the complaint without prejudice.  The summons used by
7  plaintiff was defective on its face.  The attempts at service of the summons and complaint were
8  incomplete.  From litigation between these same parties in 2006-07 concerning these same
9  claims and defenses, plaintiff had actual notice of the rules governing service of the complaint.
10 Plaintiff's failure to follow those rules and plaintiff's representation to the Court that she served
11 the complaint are sanctionable in light of the prior proceedings referenced above, as will be
12 explained herein.

13 **In addition, defendants have filed concurrently herewith a motion to relate this matter**
14 **to the earlier litigation between these same parties on the same issues, claims and defenses,**
15 **styled McRae v. Barnhardt, et al., Action 06-1999 MJJ.  District Judge Jenkins dismissed**
16 **the earlier action by order dated March 5, 2007, citing pleading deficiencies in plaintiff's**
17 **causes of action, which dismissal was with prejudice to certain claims and without**
18 **prejudice to other claims.  This action followed.  Significantly, in the earlier action, plaintiff**
19 **did not properly serve her complaint, defendant made a motion to dismiss under FRCP**
20 **12(b)(5), and the Court granted plaintiff's request for additional time to achieve service**
21 **within the requirements of FRCP 4.**

22 DATED: July 2, 2007                         Respectfully submitted,

23                                              SCOTT N. SCHOOLS
                                                United States Attorney
24

25                                              /s/
                                                JONATHAN U. LEE
26                                              Assistant United States Attorney
                                                Attorneys for the United States of America
27

---

28  [1]Mr. Astrue is the current Commissioner, replacing Joanne Barnhardt.

MOTION TO DISMISS
C 07-1538 SBA                              -2-

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This is the second time the federal defendants have had to bring a motion to dismiss an action by plaintiff McRae for failure to serve properly. This motion is the unfortunate result of plaintiff's misrepresentation to the Court that she properly served the complaint in this action and therefore should take default judgment. Plaintiff knows the actual truth is much different. In 2006, in connection with her previous attempt to sue the federal government for breach of employment contract and employment discrimination (Action 06-1999 MJJ), plaintiff did not serve the complaint in accordance with FRCP 4. This office made a motion to dismiss. District Judge Jenkins denied the motion, after plaintiff made a motion for enlargement of time, but required plaintiff to serve that complaint as required by FRCP 4. Plaintiff did so, finally, in December 2006. Defendants moved to dismiss the earlier action under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(1) for lack of subject matter jurisdiction, and as a result of the order granting in part and denying in part defendants' motion, this action followed.

Because of deficiencies in process and service of process in this action, defendants move to dismiss. First, the summons does not list each of the three federal officers that must be served in an action against the federal Social Security Administration: (1) Attorney General Alberto Gonzales, (2) SSA Commissioner Astrue, and (3) U.S. Attorney Scott N. Schools. Second, plaintiff has not served the complaint on each of the three listed persons. Under Rule 4, service of process on the United States government is ineffective until each of the three officers has been served. Contrary to her statements to the Court, plaintiff McRae knows this to be true from the proceedings last year in her earlier case. Accordingly, the Court should dismiss the complaint.

## STATEMENT OF FACTS

**I.    Procedural History of the First Action (Action 06-1999 MJJ)**

On March 15, 2006, plaintiff filed this action for breach of contract and employment discrimination against the Commissioner of the Social Security Administration, the Commissioner of the Internal Revenue Service, and individual employees of the Social Security

MOTION TO DISMISS
C 07-1538 SBA                              -3-

1  Administration Karen Giles and Phyllis Scaduto. [Docket #1]

2  On April 28, 2006, plaintiff filed a return of summons showing service of the complaint
3  on the SSA Commissioner Barnhardt, IRS Commissioner Everson, defendant Scaduto, and the
4  Department of Justice. [Docket #4]

5  On October 4, 2006, Assistant U.S. Attorney Jonathan U. Lee filed a motion to dismiss
6  the complaint for failure to serve in compliance with Federal Rule of Civil Procedure 4. [Docket
7  #9]

8  On November 13, 2006, the Honorable Martin J. Jenkins filed an order denying the
9  motion to dismiss, extending the time for service, and requiring plaintiff to serve defendants
10  properly within 30 days. [Docket #13]

11  On December 6, 2006, plaintiff filed a Certificate of Service of the complaint. [Docket
12  #14]

13  On January 8, 2007, defendants filed a motion to dismiss on the grounds that plaintiff
14  failed to exhaust administrative remedies before filing suit and/or lack of jurisdiction over the
15  contract claims. [Docket #15].

16  On February 8, 2007, plaintiff filed a motion for declaratory relief to have herself
17  declared an employee of the Social Security Administration, not a contractor. [Docket #17]

18  On March 5, 2007, the Court filed its order granting in part and denying in part
19  defendant's motion. [Docket #20] In the order, the Court dismissed certain claims with prejudice
20  and dismissed the remaining claims without prejudice and permitted plaintiff to refile those
21  claims within 30 days.

22  The Court then issued an order dated April 2, 2007, striking plaintiff's motion for
23  declaratory relief. [Docket #21]

24  **II.    Procedural History of this Action (Action 07-1538 SBA)**

25  On March 16, 2007, plaintiff filed this action for breach of contract and employment
26  discrimination against the Commissioner of the Social Security Administration and the President

27
28

of the United States.[2] [Docket #1]

After plaintiff declined assignment to a magistrate, the Clerk reassigned this action to the Hon. Saundra B. Armstrong. [Docket #5]

On April 24, 2007, plaintiff filed a return of summons regarding service of the complaint. [Docket #6]

On May 2, 2007, the Court issued a notice of telephonic case management conference for June 28, 2007 at 2:45 p.m. [Docket #7]

On June 26, 2007, plaintiff filed a motion for default judgment, alleging she had properly served the complaint on the defendants and attaching proofs of service for Commissioner Barnhardt and Attorney General Gonzales only. [Docket #9]

**ARGUMENT**

**I.    Applicable Law.**

Before filing an answer, the defendant may move to dismiss the complaint for any of the applicable bases set forth in Federal Rule of Civil Procedure 12(b).

In this case, Federal Defendants move to dismiss for insufficiency of service of process under 12(b)(5).  Where the validity of service is contested by a Rule 12 motion, the burden is on the plaintiff to establish the validity of service.  See Norlock v. City of Garland, 768 F.2d 654, 656 (5th Cir. 1985); Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

In this case, Federal Defendants also move to dismiss for defective process under 12(b)(4).  This motion properly challenges the form of the summons.  Wright & Miller, *5A Federal Practice & Procedure* §1353 (1990 & Supp. 2004).

**II.    Plaintiff Has Not Effected Valid Service of the Complaint on Moving Party.**

Service of process of a complaint against the United States government, or an Agency of the United States government, is controlled by Federal Rule of Civil Procedure 4(i), which requires specific, simultaneous acts of service upon the concerned Agency head, the United

---

[2]Mr. Astrue is the current Commissioner, replacing Ms. Barnhardt.

MOTION TO DISMISS
C 07-1538 SBA                            -5-

States Attorney General's office in Washington, D.C., and the local United States Attorney's Office. <u>Whale v. United States</u>, 792 F.2d 951, 953-54 (9th Cir. 1986) (affirming dismissal, held counsel's belief that service on local U.S. Attorney's Office was sufficient inadequate to show good cause or justifiable excuse; Rule 4's requirements must be followed).

Federal Rule of Civil Procedure 4(i) provides in pertinent part:

(i) **Serving the United States, Its Agencies, Corporations, Officers or Employees.**

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an Assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered of certified mail to the officer or agency.

(2)(A) Service upon an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Under Rule 4(m), if service of the complaint and summons is not made within 120 days after filing the complaint, a motion to dismiss lies against the complaint. The rules of service must be followed; actual notice is insufficient. <u>Tuke v. United States</u>, 76 F.3d 155, 156 (7th Cir.

MOTION TO DISMISS
C 07-1538 SBA                             -6-

1996).

In this case, plaintiff filed the complaint on March 16, 2007. To comply with Rule 4, plaintiff has until July 16, 2007 to serve the complaint and summons within the requirements of Rule 4(i). Rather than do so, plaintiff has filed a statement with the Court claiming to have served the complaint properly and asking for a default judgment. See Docket #9.

This motion is made necessary by plaintiff's untrue statement to the Court in her motion for default. This situation is extremely troubling to the United States Attorney's Office because plaintiff has had multiple, specific warnings from counsel and the Court about the rules for service of process and plaintiff has in previous filings admitted her understanding of those requirements. *See* Declaration of Jonathan U. Lee, ¶¶ 3-7, Exhs. A, B, C, D & E. In fact, in her previous action, plaintiff filed a proof of service with the Court showing service on the U.S. Attorney's Office in that action, so she can not in good faith claim she did not understand and know from experience how to serve the U.S. Attorney's Office. *See*, *e.g.*, Exh. C.

Instead of serving her complaint properly under Rule 4, plaintiff served only Commissioner Barnhardt and Attorney General Gonzales. The U.S. Attorney's Office received no communication whatsoever from plaintiff during the four month period before the filing of this motion. Lee Decl., ¶2.

Indeed, the proofs of service plaintiff included with her motion for default judgment confirm that she served the complaint on only two of the three required federal officers. *See* Docket #9 at pp. 2-3. This is and was not service under FRCP 4.

Accordingly, because the complaint has not been served in compliance with Rule 4, the complaint should be dismissed without prejudice.

**III.     The Summons Was Defective.**

As noted, in this case, plaintiff McRae had to effect legal process over three different persons or entities of the federal government in order for the Court to take jurisdiction of her lawsuit. She did not do so, in part because the summons plaintiff used listed only Joanne Barnhardt, Commisoner of the Social Security Administration, and The United States, George Bush, President and Arturo (sic) Gonzales, Attorney General. The summons is defective on its

MOTION TO DISMISS
C 07-1538 SBA                                          -7-

1  face, because it omits the U.S. Attorney's Office.  This omission is striking because last year, in
2  opposing this office's motion to dismiss, plaintiff McRae noted in a sworn declaration that she
3  had to serve the summons and complaint on the Civil Complaints Clerk of the U.S. Attorney's
4  Office.  Lee Decl., Exh. C.  In that declaration under penalty of perjury, plaintiff stated: "The
5  United States Attorney was served after Attorney Lee's letter to me about deficient service.  For
6  that reason, I knew he was right about that deficiency, which was corrected." *Id*.

   Accordingly the complaint should be dismissed without prejudice.

## CONCLUSION

   The Federal Defendant respectfully requests that the Court grant this motion and dismiss the complaint.

DATED: July 2, 2007                      Respectfully submitted,

                                         SCOTT N. SCHOOLS
                                         United States Attorney


                                          /s/
                                         JONATHAN U. LEE
                                         Assistant United States Attorney
                                         Attorneys for the United States of America

## DECLARATION OF JONATHAN U. LEE

I, JONATHAN U. LEE, declare:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Northern District of California.  I am licensed to practice law in California and to appear before this Court.  I am the counsel of record in the captioned matter and I am familiar with the pleadings, discovery and files in this action.  I make this declaration from my own personal knowledge.  If called as a witness, I could and would competently testify to the contents of this declaration.

2. Regarding the pending action, Action 07-1538 SBA, our office has no record of service of the summons and complaint in this case.  I have had no communication of any kind from plaintiff McRae since the Court issued orders dated March 5 and April 2, 2007, effectively ending plaintiff's prior action against the Social Security Administration for

      breach of employment contract and employment discrimination. The net effect of those orders permitted plaintiff to refile some of her claims, which resulted in Action 07-1538 SBA. I learned on July 2, 2007, that plaintiff filed a motion for default judgment last week in which she claimed she properly served the pending complaint. That is not a true statement because our office has not been served.

3. On March 15, 2006, plaintiff filed Action 06-1999 MJJ. Her complaint alleged breach of contract and employment discrimination theories of recovery. On May 5, 2006, I wrote a letter to plaintiff citing FRCP 4(i) in full and its special rules for serving a complaint on the federal government and informing her of the defects in service of that complaint. A true and correct copy of my May 5, 2006 letter is attached as **Exhibit A**.

4. Plaintiff acknowledged receipt of my May 5, 2006 letter in her court filing on October 31, 2006 opposing our motion to dismiss for failure to serve the complaint properly. Plaintiff's filing is Docket # 10 in Action 06-1999; plaintiff acknowledged my letter in paragraph 5. Thus, since May 2006, plaintiff has known the rules for service of a complaint on the federal government. A true and correct copy of plaintiff's filing on October 31, 2006 is attached hereto as **Exhibit B**.

5. Furthermore, in a supplemental declaration under penalty of perjury plaintiff filed on November 8, 2006 (Docket #11), plaintiff again acknowledged my letter of May 5, 2006, but went further to admit that failure to serve the U.S. Attorney's Office was deficient service: "The United States Attorney was served after Attorney Lee's letter to me about deficient service. For that reason, I knew he was right about that deficiency, which was corrected." *See* Docket #11 at ¶5. A true and correct copy of plaintiff's declaration filed November 8, 2006 is attached hereto as **Exhibit C**.

6. In denying defendant's motion to dismiss, the Court required plaintiff to serve the complaint properly within 30 days. *See* Docket #13 in Action 06-1999 MJJ at p.1. Plaintiff complied with the order and the action went forward. A true and correct copy of the Order is attached hereto as **Exhibit D**. After defendant filed a motion to dismiss the claims alleged in the complaint, the Court granted in part and denied in part the motion by

1  order dated March 5, 2007 and denied plaintiff's motion for declaratory relief as moot in
2  an order dated April 2, 2007.  True and correct copies of those orders are attached as
3  **Exhibit E**.
4  7.  Today, I learned that plaintiff filed a request for default last week, based on her
5  misrepresentation of service of process.  Because of the posture of this action, created by
6  plaintiff's misguided attempt to obtain a default, I am filing this motion immediately,
7  rather than my usual practice of providing a warning in writing to plaintiffs about Rule 4's
8  requirements in an attempt to cure defects in service without burdening the Court.
9  I declare under penalty of perjury that the foregoing is true and accurate and that I have
10 executed this declaration on July 2, 2007 in San Francisco, California.

      /s/  
    JONATHAN U. LEE  
    Assistant United States Attorney

MOTION TO DISMISS  
C 07-1538 SBA                             -10-