Filed

NOV 13 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE MCRAE, | No. C06-01999 MJJ |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendants Joanne Barnhart, Commissioner of Social Security Administration; Mark W. Everson, Commissioner of the Internal Revenue Service; Karen Giles; and Phyllis Scaduto's (collectively, "Defendants") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(5) For Failure to Serve.[1] Pro se Plaintiff Margie McRae ("Plaintiff" or "McRae") opposes the motion. For the following reasons, the Court **DENIES** Defendants' motion and upon good cause shown extends the time for service. Plaintiff shall properly serve Defendants within 30 days of the filing of this Order.

## FACTUAL BACKGROUND

Plaintiff filed the Complaint against Defendants on March 15, 2006, and an Amended Complaint on March 16, 2006. On April 28, 2006, Plaintiff filed five returns of service indicating service on certain Defendants. On June 26, 2006, Plaintiff filed a certified mail receipt, dated May

---

[1] Docket No. 9.

15, 2006, indicating she had mailed documents to the Civil Process Clerk for the Unites States Attorneys Office for the Northern District of California. On August 7, 2006, counsel for Defendants personally informed Plaintiff that he did not believe she had properly served the complaint. By letter dated August 30, 2006, counsel for Defendants again notified Plaintiff that he did not believe service was proper. Plaintiff subsequently presented Defendants' counsel with the May 15, 2006 certified mail receipt. Defendants then filed the pending motion followed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allow for dismissal based on insufficient service of process. Fed. R. Civ. Proc. 12(b)(5). A Rule 12(b)(5) challenge concerns not the form of the summons, but the service of the summons on defendants. A defendant must be served with a summons and a copy of the complaint within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). The failure to serve a party within the 120-day period may justify dismissal pursuant to Rule 12(b)(5). *See English v. Krubsack*, 371 F. Supp. 2d 1198, 1201 (E.D. Cal. 2005). The court may also direct that service be effected within a specified time. Fed. R. Civ. P. 4(m).

Service of process against the United States government, or Agency of the United States government requires delivery of several sets of summons and complaints, as follows: (1) personal delivery to the United States Attorney for the district where the action is brought (or to an Assistant U.S. Attorney or clerical employee designated by the United States Attorney in a writing filed with the court clerk; or by registered or certified mail addressed to the civil process clerk at the U.S. Attorney's office); (2) registered or certified mail to the Attorney General of the United States in Washington, D.C.; and (3) in actions attacking an order made by an officer or agency of the United States who is not a party to the action, by registered or certified mail to that officer or agency. Fed. R. Civ. Proc. 4(i); *Whale v. United States*, 792 F.2d 951, 953–54 (9th Cir. 1986); *see also United States. Robbins v. Brady*, 149 F.R.D. 154 (C.D. Ill. 1993) (finding that sending copy of summons and complaint to United States Attorney by certified mail did not satisfy requirement of delivering copy in order to serve). A plaintiff must serve the United States in the way Rule 4 requires; actual notice is insufficient. *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (internal citation omitted).

Provided that the plaintiff shows good cause for any failure to properly serve, the court must

1  extend the time for service for an appropriate period. *Id.* Generally, courts consider the following
2  factors in determining whether good cause exists to extend the time for service: (1) whether the delay
3  resulted from inadvertence or whether a reasonable effort to effect service has been made; (2)
4  whether defendant has been prejudiced by the delay (including whether it had actual notice of the
5  claims asserted in the complaint) (*see Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (SD NY 2003));
6  (3) whether plaintiff has moved for an enlargement of time under FRCP 6(b) *(see Television Signal
7  Corp. v. City & County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000)); (4) whether the
8  statute of limitations would bar refiling the complaint if the action were dismissed *(see Mann v.
9  American Airlines*,324 F.3d 1088, 1090 (9th Cir. 2003)). Hon. William W. Schwarzer, *et al.*,
10 *Federal Civil Procedure Before Trial* § 5.285.1 (2006).

## ANALYSIS

Defendants contend that Plaintiff failed to serve her complaint in compliance with Rule 4(i) and Rule 4(m) and that the Court should dismiss this action without prejudice. Plaintiff claims to have properly served Defendants. The Court finds that Plaintiff has failed to comply with Rule 4(i) and Rule 4(m), however good cause exists to allow Plaintiff additional time to properly serve the summons and complaint. First, there is no evidence in the record to suggest that Plaintiff's failure to properly serve Defendants was the result of inadvertence. To the contrary, Plaintiff has attempted to properly serve Defendants. Second, there is no prejudice to Defendants by the delay in proper service in this case. Third, Plaintiff has requested an enlargement of time under Rule 6(b). As a result, the Court finds good cause exists to allow Plaintiff an additional 30 days to serve the complaint and summons in a manner consistent with this Order.

///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion and upon good cause shown extends the time for service. Plaintiff shall properly serve Defendants within 30 days of the filing of this Order.

**IT IS SO ORDERED.**

Dated: November 19, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARGIE MCRAE,

        Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION et al,

        Defendant.

Case Number: CV06-01999 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan Unruh Lee
United States Attorneys Office
450 Golden Gate Avenue, 10th Floor
P.O. Box 36055
San Francisco, CA 94102-3495

Margie McRae
P.O. Box 24818
Oakland, CA 94623-1818

Dated: November 15, 2006

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk