*Filed*

*MAR  5 2007*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*E-Filing*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARGIE MCRAE,

            Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION,

            Defendant.

No. C06-01999 MJJ

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Before the Court is Defendants Social Security Administration; Joanne Barnhart, Commissioner of the Social Security Administration; Mark Everson, Commissioner of the Internal Revenue Service; Karen Giles; and Phyllis Scaduto's (collectively "Defendants") Motion to Dismiss Under Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]  Pro se Plaintiff Margie McCrae, M.D., ("Plaintiff") opposes the motion.  For the following reasons, the Court **GRANTS** Defendants' motion in part, and **DENIES** Defendants' motion in part.

**FACTUAL BACKGROUND**

The material allegations taken from Plaintiff's operative Complaint are as follows.

Plaintiff, Margie McRae, M.D., is a physician who is board-certified in surgery.  She alleges she made a contract proposal to the Social Security Administration ("SSA") for a position of employment as a medical consultant in the speciality of Internal Medicine.  Plaintiff alleges that the

---

[1]Docket No. 15.

United States District Court
For the Northern District of California

1  SSA accepted her proposal on June 26, 2001, and that SSA later summarily terminated the contract
2  effective September 27, 2004.[2]

3      Defendant Jo Anne B. Barnhart ("Barnhart"), who is sued in her official capacity, is the
4  Commissioner of Social Security Administration ("COSS"). The COSS is responsible for the
5  exercise of all powers and duties of SSA and has authority and control over all SSA personnel
6  activities. 42 U.S.C. § 902(a)(4). Defendant Karen Giles ("Giles"), who is sued in her individual
7  capacity, is an SSA Contracting Officer. Defendant Phyllis Scaduto ("Scaduto") is a Program
8  Expert on the Contracts and Administration Team in the Center for Disability for Region Nine. Ms.
9  Scaduto served as Project Officer ("PO") for medical consultancy contracts like Plaintiff's.

10      On March 15, 2006, Plaintiff filed her original complaint against the SSA and the Internal
11  Revenue Service ("IRS"), only. On March 16, 2006, Plaintiff filed her amended complaint and
12  adding Defendants. Plaintiff's amended complaint appears to contain nine claims: (1) a request for
13  declaratory relief against the SSA and IRS; (2) "slander per se" against the SSA, Giles, and Scaduto
14  arising from Plaintiff's termination; (3) "gender discrimination" against the SSA, Giles, and
15  Scaduto; (4) violation of the Americans with Disability Act ("ADA") against the SSA, Giles, and
16  Scaduto for failing to provide reasonable accommodation of allowing Plaintiff to work in a
17  particular specialty during Plaintiff's "personal catastrophe"; (5) "retaliation for protected speech"
18  against the SSA, Giles, and Scaduto arising from Plaintiff's concern over her "employment status";
19  (6) "retaliation for discrimination complaint" against the SSA, Giles, and Scaduto arising from
20  Plaintiff's previous discrimination complaints; (7) "retaliation for discrimination under the ADA"
21  against the SSA, Giles, and Scaduto arising from Defendants' failure to reasonably accommodate
22  Plaintiff by allowing Plaintiff to work in a particular specialty during Plaintiff's "personal
23  catastrophe"; (8) "violation of wage and hour laws" against the SSA, Giles, and Scaduto for paying
24  Plaintiff as an independent contractor; and (9) breach of employment contract.

25      Defendants now seek an Order dismissing each of Plaintiff's claims.

26

27

---

28      [2]SSA is an independent agency in the executive branch of the government. 42 U.S.C. § 901(a). It is SSA's duty to administer the Old-Age, Survivors and Disability Insurance (OASDI) program and the Supplemental Security (SSI) Program.

*United States District Court*
*For the Northern District of California*

**LEGAL STANDARD**

**I.    Rule 12(b)(1)**

Rule 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional

3

1  issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the

2  resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The

3  jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for

4  both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for

5  relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

6  **II.    Rule 12(b)(6)**

7        A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro*

8  *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal

9  sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the

10 face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.

11 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal

12 theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental*

13 *Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica*

14 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d

15 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the

16 plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389,

17 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material

18 allegations in the complaint as true and construes them in the light most favorable to the plaintiff.

19 *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

20                                    **ANALYSIS**

21 **I.    Plaintiff's Contract Claim**

22       Defendants argue that Plaintiff failed to file an administrative claim for her contract claim

23 with the proper agency and is therefore jurisdictionally barred from bringing her contract claim in

24 federal district court. Plaintiff argues that she filed her administrative claim with Contracting

25 Officer Giles, by "expressly ask[ing] about exhaustion of administrative remedies."[3] (Plaintiff's

26 Opposition ("Pl.'s Opp.") at p. 8.)

27

28       [3]Plaintiff refers to Exhibit 7 of her Opposition as evidence that she filed a claim. Exhibit 7 is a letter to Ms. Giles stating that Plaintiff intends to sue. There are no attached exhibits to Plaintiff's Complaint or Amended Complaint evidencing that Plaintiff filed an administrative claim which was denied.

4

United States District Court
For the Northern District of California

1       The Contracts Disputes Act ("CDA") provides an administrative claims process for contract-

2   based claims made against the federal government. The CDA applies to any express or implied

3   contract entered into by an executive agency for the procurement of property or services. 41 U.S.C.

4   § 602. The CDA requires that "[a]ll clams by a contractor against the government relating to a

5   contract shall be in writing and shall be submitted to the contracting officer for a decision." 41

6   U.S.C. § 605(a).

7       Under the CDA, claims are first submitted in writing to the contracting officer, who must

8   issue a decision in writing. 41 U.S.C. § 605. After the contractor receives notice of the contracting

9   officer's decision, it may appeal the decision within 90 days to the agency board of contract appeals.

10   41 U.S.C. § 606. Review of the Board's decision is by the Court of Appeals for the Federal Circuit.

11   41 U.S.C. § 607(g)(1)(A). In the alternative, the contractor may, within twelve months of receiving

12   the contracting officer's decision, file a direct action on the claim in the Claims Court. 41 U.S.C. §

13   609(a)(1). The Claims Court then has jurisdiction to render judgment on any claim arising under the

14   CDA, including disputes concerning contract termination, rights in property, compliance with cost

15   accounting standards, and other non-monetary disputes on which a contracting officer has issued a

16   decision. 28 U.S.C. § 1491(a)(2). Where a claimant has failed to exhaust the CDA's administrative

17   remedies, this district lacks subject matter jurisdiction over claimant's contract claims. *Southwest*

18   *Marine on Behalf of Universal Painting and Sandblasting v. United States*, 43 F.3d 420, 423 (9th

19   Cir. 1994); 41 U.S.C. § 605(a).

20       Here, the Court lacks jurisdiction over Plaintiff's contract claim. Plaintiff's contract claim is

21   based on alleged contract entered into by Plaintiff and the SSA for the procurement of Plaintiff's

22   services. As a result, any contract claim Plaintiff may have against Defendants is subject to the

23   CDA and Plaintiff is required to comply with the administrative requirements set forth therein.

24   Accordingly, the Court **GRANTS** Defendants' motion as to Plaintiff's breach of contract claim.

25   Plaintiff's claim for breach of employment contract is **DISMISSED WITH PREJUDICE**. Plaintiff

26   must bring her contract claim in the Federal Circuit or with the Claims Court after she has exhausted

27   the CDA's required administrative remedies.

28

United States District Court
For the Northern District of California

5

1  **II.    Plaintiff's Discrimination and Tort Claims Against the Individual Defendants**

2      Defendants argue, without authority, that Plaintiff's remaining employment discrimination

3  and tort claims must be pursued first in the CDA claims process. Defendants alternatively argue,

4  that even if Plaintiff had pursued such claims through the correct administrative process, Plaintiff

5  could not properly allege her discrimination and tort claims against individual federal defendants, as

6  a matter of law.

7      **A.    Employment Discrimination Claims**

8      Defendants argue that in the employment context, Title VII and other specific Congressional

9  enactments provide exclusive federal jurisdiction for claims of discrimination and such claims

10  cannot be filed against individual federal employees. *See Brown v. General Servs. Admin.*, 425 U.S.

11  820, 828-29 (1976); *see also White v. General Servs. Admin.*, 652 F.2d 913, 917 (9th Cir. 1981)

12  (holding that Title VII is the sole remedy for a discrimination claim by a federal employee).

13  Plaintiff argues that she contacted the Equal Employment Opportunity Commission ("EEOC") after

14  receiving no response from the Contracting Officer or SSA Human Resources and argues that her

15  discrimination claims are sound. Plaintiff does not respond to Defendants' assertion that individual

16  defendants cannot be sued under Title VII.

17      Title VII prohibits discrimination only on the basis of race, religion, sex, and national origin.

18  A Title VII action against federal government is the exclusive judicial remedy for federal

19  employment discrimination and for retaliation for filing charge of discrimination. *White*, 652 F.2d

20  at 916. Title VII provides that actions based upon federal employment discrimination are to be

21  brought against the director of the agency concerned. *White*, 652 F.2d at 916 fn. 4 (citing 42 U.S.C.

22  § 2000e-16(c)). Section 2000e-16(c) provides that after a claimant has satisfied the procedural

23  administrative requirements, the claimant "may file a civil action as provided in section 2000e-5 of

24  this title, in which civil action the *head of the department*, agency, or unit, as appropriate, *shall be*

25  *the defendant*." 42 U.S.C. § 2000e-16(c).

26      Here, Plaintiff makes various allegations of discrimination against individual Defendants in

27  her amended complaint. However, because a Title VII action against the federal government is the

28  exclusive judicial remedy for federal employment discrimination, and because such actions must be

*United States District Court*
For the Northern District of California

6

1   filed against the head of the department, Plaintiff's discrimination claims against individual

2   Defendants Giles and Scaduto fail. *White*, 652 F.2d at 916. As such, the Court **GRANTS**

3   Defendants' motion as to Plaintiff's discrimination claims against Defendants Giles and Scaduto.

4   Plaintiff's claims for gender discrimination and retaliation, against Defendants Giles and Scaduto,

5   are **DISMISSED WITH PREJUDICE**. However, Plaintiff's claims for gender discrimination and

6   retaliation are **DISMISSED WITHOUT PREJUDICE** as to refiling against the United States.

7   Plaintiff must re-file no later than **twenty days** within the date of entry of this Order.

8         **B.    Tort Claims**

9         Defendants also argue that the Federal Torts Claim Act ("FTCA") prohibits Plaintiff from

10  suing the individual Defendants. Plaintiff does not address this argument, however, provides a letter

11  from the EEOC informing her how federal claims for discrimination against an agency are

12  processed.[4]

13        Under the FTCA, the only proper defendant is the United States. *Allen v. Veteran's

14  Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984) (stating that under the FTCA "individual

15  agencies of the United States may not be sued.")[5]; *Kennedy v. United States Postal Service*, 145 F.3d

16  1077 (9th Cir. 1992). The FTCA does not support claims against individuals, unless the individuals

17  acted outside their employment. *See Billings v. United States*, 57 F.3d 797, 799 (9th Cir. 1995)

18  (stating that the purpose of the FTCA was to remove the personal liability of federal employees for

19  common law torts committed within the scope of their employment and instead provide that the

20  exclusive remedy for such torts is through actions against the United States under the FTCA.)[6]

21        Here, a review of the amended complaint reveals that Plaintiff's only tort claim is for

22  "slander per se." Plaintiff brings the claim against the SSA and individual Defendants Giles and

23

24        [4]Plaintiff refers to Exhibit 6 of her Amended Complaint to support that she filed a claim with the EEOC. However, Exhibit 6 is a letter from the EEOC stating "your letter [in which Plaintiff asks to file a complaint of gender and disability

25  discrimination] does not contain sufficient facts to determine definitively whether you are an 'employee' of SSA" and continues to give her information about the EEOC's process for dealing with complaints.

26

27        [5]In *Allen*, the Ninth Circuit affirmed the District Court's decision dismissing Plaintiff's complaint on the ground that United States, not Veterans Administration was the proper defendant. *See also* Daniel A. Morris, Esq., Fed. Tort Claims §

28  20:2 (2006).

      [6]See also 28 U.S.C.A. § 2679(d)(1).

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   Scaduto. However, under the FTCA, the United States is the sole party defendant for such a claim.

2   Thus, Plaintiff is barred from asserting her tort claim against the SSA and individual Defendants

3   Giles and Scaduto. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's

4   "slander per se" claim as to the SSA and individual Defendants Giles and Scaduto. Plaintiff's

5   "slander per se" claim against the SSA and Defendants Giles and Scaduto is **DISMISSED WITH**

6   **PREJUDICE**. However, Plaintiff's "slander per se" claim is **DISMISSED WITHOUT**

7   **PREJUDICE** as to refiling against the United States. Plaintiff must re-file no later than **twenty**

8   **days** within the date of entry of this Order.

9   **IV.    Plaintiff's Claim for Declaratory Relief**

10         Defendants argue that Plaintiff's claim for "injunctive relief" must be dismissed because the

11   Tucker Act does not permit claims seeking equitable or declaratory relief in a contract dispute case.

12   Plaintiff agrees with Defendants' argument that the Tucker Act does not provide for such relief and

13   states that she does not oppose transfer to the Court of Claims; should the Court find transfer is

14   appropriate. A review of the complaint reveals that Plaintiff is not bringing an equitable claim for

15   injunctive relief. Instead, Plaintiff is bringing an equitable claim for declaratory relief.

16         Under the Tucker Act, "[t]he United States Court of Federal Claims shall have jurisdiction to

17   render judgement upon any claim against the United States founded . . . upon any express or implied

18   contract with the United States . . . in cases not sounding in tort. . . ." 28 U.S.C. § 1491.[7] Where

19   such claims have been made in an actions asserting employment contract-based rights against the

20   United States, the Ninth Circuit has held that such claims are not properly brought in district court.

21   *Denton v. Schlesinger*, 605 F.2d 484, 486 (9th Cir. 1979) (looking beyond labels on plaintiff's

22   injunctive relief claims for reinstatement, back pay, declaratory relief, and other equitable relief, the

23   court ordered the action transferred to Court of Claim due to lack of jurisdiction in district court).

24   The jurisdiction of the Court of Federal Claims is exclusive with respect to any contract action

25   where the amount in controversy exceeds $10,000. *Denton*, 605 F.2d at 485-86 (citing 28 U.S.C. §

26   1491).

27

28         [7]The Court of Claims and the district courts have concurrent jurisdiction over most civil actions and claims brought against the United States for amounts not exceeding $10,000. 28 U.S.C. § 346. If an amount exceeding $10,000 is sought, then the Court of Claims has exclusive jurisdiction to hear the case. 28 U.S.C. § 491

1    Plaintiff seeks declaratory relief stating that Plaintiff was an employee of the SSA, and not an

2    independent contractor. Plaintiff also seeks damages in excess of $500,000. Plaintiff's claim is an

3    employment contract-based rights claim. Thus, the district court does not have jurisdiction over

4    Plaintiff's contract-based declaratory relief claim. As such, the Court **GRANTS** Defendants'

5    motion as to Plaintiff's claim for declaratory relief. Plaintiff's declaratory relief claim is

6    **DISMISSED WITH PREJUDICE.**

7    ///

8    ///

9    ///

10    ///

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**CONCLUSION**

For the foregoing reasons, the Court:

**GRANTS** Defendants' motion as to Plaintiff's breach of employment contract claim. Plaintiff's claim for breach of employment contract is **DISMISSED WITH PREJUDICE**.

**GRANTS** Defendants' motion as to Plaintiff's discrimination claims against Defendants Giles and Scaduto. Plaintiff's claims for gender discrimination and retaliation, against Defendants Giles and Scaduto, are **DISMISSED WITH PREJUDICE**. Plaintiff claims for gender discrimination and retaliation are **DISMISSED WITHOUT PREJUDICE** as to refiling against the United States. Plaintiff must re-file no later than **twenty days** within the date of entry of this Order.

**GRANTS** Defendants' motion to dismiss Plaintiff's "slander per se" claim as to the SSA and individual Defendants Giles and Scaduto. Plaintiff's "slander per se" claim against the SSA and Defendants Giles and Scaduto is **DISMISSED WITH PREJUDICE**. Plaintiff's "slander per se" claim is **DISMISSED WITHOUT PREJUDICE** as to refiling against the United States. Plaintiff must re-file no later than **twenty days** within the date of entry of this Order.

**GRANTS** Defendants' motion as to Plaintiff's claim for declaratory relief. Plaintiff's declaratory relief claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: March 5, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARGIE MCRAE,

        Plaintiff,

   v.

SOCIAL SECURITY ADMINISTRATION et al,

        Defendant.

_____/

Case Number: CV06-01999 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 6, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan Unruh Lee
United States Attorneys Office
Northern District of California
450 Golden Gate Avenue, 10th Floor
P.O. Box 36055
San Francisco, CA 94102-3495

Margie McRae
P.O. Box 24818
Oakland, CA 94623-1818

Dated: March 6, 2007

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk

United States District Court
For the Northern District of California

E-Filing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARGIE MCRAE,                                    No. C06-01999 MJJ

          Plaintiff,                              **ORDER STRIKING PLAINTIFF'S**
                                                  **PETITION FOR DECLARATORY**
   v.                                        **JUDGMENT**

SOCIAL SECURITY ADMINISTRATION,

          Defendant.

       Before the Court is Pro se Plaintiff Margie McCrae, M.D.'s, ("Plaintiff") Petition for Declaratory Judgment.[1]  Plaintiff seeks a determination that she was an employee rather than an independent contractor.  Defendants Social Security Administration; Joanne Barnhart, Commissioner of the Social Security Administration; Mark Everson, Commissioner of the Internal Revenue Service; Karen Giles; and Phyllis Scaduto's (collectively "Defendants") have not filed an Opposition.

       Plaintiff filed the current petition on February 7, 2007, at time when Defendants' Motion to Dismiss was under submission.  Subsequently, on March 5, 2005, this Court granted Defendants' motion dismissing Plaintiff's employment contract claims with prejudice; Plaintiff's gender discrimination and retaliation claims with prejudice as to the individual Defendants and without prejudice as to refiling against the United States; Plaintiff's "slander per se" claim as to SSA and the individual Defendants with prejudice and without prejudice as to refiling against the United States;

---

[1]Docket No. 17.

and Plaintiff's claim for declaratory relief with prejudice. Accordingly, the Court **STRIKES**

Plaintiff's Petition for Declaratory Judgment as moot, subject to Plaintiff's refiling of an Amended

Complaint.

**IT IS SO ORDERED.**

Dated: April ⎯. 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2