1  SCOTT N. SCHOOLS (S.C. BN 9990)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4
5      450 Golden Gate Avenue, Ninth Floor
       San Francisco, California 94102
       Telephone:      (415) 436-6909
6      Facsimile:       (415) 436-6748
       Email: jonathan.lee@usdoj.gov
7
8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11
   MARGIE MCRAE,                        )    No. C 06-1999 MJJ
12                                       )
          Plaintiff,                     )
13                                       )    **ADMINISTRATIVE MOTION TO**
       v.                                )    **CONSIDER WHETHER CASES**
14                                       )    **SHOULD BE RELATED;**
   JOANNE BARNHART, Commissioner of      )    **DECLARATION OF JONATHAN U.**
15 the SOCIAL SECURITY                   )    **LEE**
   ADMINISTRATION, Mark W. Everson,      )
16 Commissioner of the INTERNAL         )
   REVENUE SERVICE; KAREN GILES;         )    Civil Local Rules 3-12(b), 7-11
17 PHYLLIS SCADUTO;                     )
                                         )
18       Defendants.                     )
                                         )
19 MARGIE MCRAE,                        )
                                         )    No. C 07-1538 SBA
20        Plaintiff,                     )
                                         )
21     v.                                )
                                         )
22 MICHAEL J. ASTRUE, COMMISSIONER )
   OF THE SOCIAL SECURITY               )
23 ADMINISTRATION; GEORGE W. BUSH, )
   PRESIDENT OF THE UNITED STATES        )
24 OF AMERICA,                          )
                                         )
25        Defendants.                    )
                                         )
26
27
28

ADMINISTRATIVE MOTION TO RELATE
C 06-1999 MJJ & 07-1538 SBA            -1-

1

### INTRODUCTION

In the interests of judicial economy, the United States Attorney's Office brings this motion to relate the pending action (Action 07-1538), <u>which has not been served in compliance with Federal Rule of Civil Procedure 4</u>, to a previous action brought by the plaintiff (Action 06-1999), involving the same claims and defenses, which the Court dismissed by orders dated March 5, 2007 and April 2, 2007.

### STATEMENT OF FACTS

**I.    Procedural History of the First Action (Action 06-1999 MJJ)**

On March 15, 2006, plaintiff filed this action for breach of contract and employment discrimination against the Commissioner of the Social Security Administration, the Commissioner of the Internal Revenue Service, and individual employees of the Social Security Administration Karen Giles and Phyllis Scaduto. [Docket #1]

On April 28, 2006, plaintiff filed a return of summons showing service of the complaint on the SSA Commissioner Barnhardt, IRS Commissioner Everson, defendant Scaduto, and the Department of Justice. [Docket #4]

On October 4, 2006, Assistant U.S. Attorney Jonathan U. Lee filed a motion to dismiss the complaint for failure to serve in compliance with Federal Rule of Civil Procedure 4. [Docket #9]

On November 13, 2006, the Honorable Martin J. Jenkins filed an order denying the motion to dismiss, extending the time for service, and requiring plaintiff to serve defendants properly within 30 days. [Docket #13]

On December 6, 2006, plaintiff filed a Certificate of Service of the complaint. [Docket #14]

On January 8, 2007, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies before filing suit and/or lack of jurisdiction over the contract claims. [Docket #15].

On February 8, 2007, plaintiff filed a motion for declaratory relief to have herself declared an employee of the Social Security Administration, not a contractor. [Docket #17]

On March 5, 2007, the Court filed its order granting in part and denying in part defendant's motion. [Docket #20] In the order, the Court dismissed certain claims with prejudice and

1   dismissed the remaining claims without prejudice and permitted plaintiff to refile those claims

2   within 30 days.

3       The Court then issued an order dated April 2, 2007, striking plaintiff's motion for declaratory

4   relief. [Docket #21]

5   **II.  Procedural History of This Action (Action 07-1538 SBA)**

6       On March 16, 2007, plaintiff filed this action for breach of contract and employment

7   discrimination against the Commissioner of the Social Security Administration and the President

8   of the United States.[1] [Docket #1]

9       After plaintiff declined assignment to a magistrate, the Clerk reassigned this action to the

10  Hon. Saundra B. Armstrong. [Docket #5]

11      On April 24, 2007, plaintiff filed a return of summons regarding service of the complaint.

12  [Docket #6]

13      On May 2, 2007, the Court issued a notice of telephonic case management conference for

14  June 28, 2007 at 2:45 p.m. [Docket #7]

15      On June 26, 2007, plaintiff filed a motion for default judgment, alleging she had properly

16  served the complaint on the defendants.[2] [Docket #9]

17                                    **ARGUMENT**

18      The instant action, 07-1538 SBA, should be related to the prior action.

19      First, there is a strong similarity between the two cases.  Both seek money damages against

20  the United States.  Both allege that officers of the Social Security Administration breached an

21  employment contract with plaintiff.  Both allege employment discrimination occurred when

22  plaintiff provided services to the Social Security Administration.  Both contain counts for

23  _____

24      [1]Mr. Astrue is the current Commissioner, replacing Ms. Barnhardt.

25      [2]Plaintiff's claim regarding service is inaccurate.  *See* Declaration of Jonathan U. Lee, ¶¶
26  3-6.  In fact, plaintiff has not served the complaint in accordance with FRCP 4 and our office is
    today filing a motion to dismiss the pending action.  *Id*.  Plaintiff's failure to serve the complaint
27  must be viewed in the proper context: last year, in motion proceedings, the Court denied a similar
    motion to dismiss provided that plaintiff properly serve the complaint.  *Id*.  Plaintiff cannot claim
28  ignorance of the rules for serving a complaint against the federal government.

ADMINISTRATIVE MOTION TO RELATE
C 06-1999 MJJ & 07-1538 SBA               -3-

declaratory relief seeking an order determining plaintiff was an employee, not an independent

contractor, during the time she provided these same services.  (See attached complaints).

Second, it appears likely that there will be an unduly burdensome duplication of labor and

expense if the cases are not related.

To foster consistency of the outcome and promote judicial economy, as well as that of the

parties, the Court should grant this motion and relate these two cases.

Consistent with Rule 3-12(b), this motion will be filed in the earliest-filed case brought by

plaintiff McRae, with a copy provided to the Court in the later action.

Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney


Dated: July 2, 2007                         /s/
                                            JONATHAN U. LEE
                                            Assistant United States Attorney

### DECLARATION OF JONATHAN U. LEE

I, JONATHAN U. LEE, declare:

1.  I am an Assistant United States Attorney in the United States Attorney's Office for the

    Northern District of California, am licensed to practice law in California and to appear before

    this Court, and am counsel for the United States, making this declaration from my own

    personal knowledge.  If called as a witness, I could and would competently testify to the

    contents of this declaration.

2.  I was assigned to defend the federal defendants in Action 06-1999 MJJ.  A true and correct

    copy of plaintiff's complaint in that case is attached hereto as **Exhibit A**.

3.  I brought a motion to dismiss Action 06-1999 because plaintiff McRae did not serve the

    complaint in compliance with FRCP 4.  That rule requires a plaintiff suing the federal

    government to serve the complaint by certified mail or personal delivery to the headquarters

    office of the federal agency named in the action, the U.S. Attorney General in Washington,

    D.C. and the U.S. Attorney's Office where the action is venued.  All three acts must occur

ADMINISTRATIVE MOTION TO RELATE
C 06-1999 MJJ & 07-1538 SBA                  -4-

before service is effected.  Because plaintiff McRae brought a request for additional time, the Court denied the motion, provided plaintiff carried out the proper steps to serve the complaint within 30 days.

4.  After plaintiff completed those steps in December 2006, I brought a motion to dismiss Action 06-1999.  The Court granted the motion in part by order dated March 5, 2007, a copy of which is attached hereto as **Exhibit B**.  The Court later ordered the plaintiff's motion for declaratory relief stricken, in an order dated April 2, 2007, a copy of which is also attached as **Exhibit B**.

5.  Attached hereto as **Exhibit C** is a true and correct copy of plaintiff's complaint in this case, Action 07-1538 SBA ("pending action").

6.  Our office has not been served with the complaint in the pending action.  On July 2, 2007, I learned that plaintiff McRae has filed a motion for default judgment and a request for clerk's entry of default in the pending action.  In briefly reviewing plaintiff's moving papers, I noted her request is based on her claim that she served the defendants and they did not respond to the complaint.  The supporting papers to plaintiff's motion indicate a summons issued to Attorney General Arturo (sic) Gonzales and Commissioner Joanne Barnhardt (sic) only, not to our office.  Plaintiff is well aware, following the motion to dismiss proceedings last year, that service of her complaint requires three simultaneous acts of service under FRCP 4: service on the Attorney General, the headquarters of the federal agency being sued, and the local U.S. Attorney's Office.  Neither our office nor I have had any contact from plaintiff since the Court dismissed Action 06-1999 MJJJ.  Therefore, plaintiff's statement that she properly served her latest complaint cannot be accurate.

I declare under penalty of perjury that the foregoing is true and accurate and that I have executed this declaration on July 2, 2007 in San Francisco, California.

/s/
JONATHAN U. LEE
Assistant United States Attorney