# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Margie McRae

**SUMMONS IN A CIVIL CASE**

CASE NUMBER

V.

1. Joanne Barnhardt Commissioner
2. The United States, George Bush, President

C 07 1538

JCS

TO: (Name and address of defendant)

1. Joanne Barnhardt, Commissioner Social Security Adm
   6401 Security Blvd, Baltimore, MO 21235
2. The United States, George Bush President
   Alberto Gonzales, Attorney General, US Dept of Justice
   900 Pennsylvania Ave., NW, Wash, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address):

Margie McRae, Pro Se
Box 21818
Oakland CA 94623-1818

an answer to the complaint which is herewith served upon you, within 60/90 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking

MAR 1 6 2007

MARY ANN BUCKLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

MARGIE McRAE,                          )
                                       )
                                       )    CIVIL ACTION
        Plaintiff,                     )
                                       )    NO.
    V.                                 )
                                       )
JOANNE BARNHARDT, COMMISSIONER         )
SOCIAL SECURITY ADMINISTRATION,        )  **C 07   1538**
AND THE UNITED STATES, GEORGE          )
BUSH, PRESIDENT,                       )
                                       )
        Defendants.                    )
_____    )

**JCS**

## COMPLAINT FOR DAMAGES

1.

### JURISDICTION

Defendants are a Federal Agency and the Federal Government respectively. The
amount in controversy is $500,000.00. Defendant Joanne Barnes, Commissioner Social
Security Administration, is headquartered in Baltimore, Maryland, while Defendant
United Stated States, George Bush, President, is headquartered in Washington, D.C.
Plaintiff is a resident of Oakland, California. At the time of the actions alleged, plaintiff
was performing work for the Social Security Administration, a Federal Government
Agency.

2.

### VENUE

Actions that form the basis for this complaint occurred at the Social Security Administration facility in Richmond, California. Defendants conduct business in this District and plaintiff resides in this District.

3.

## PARTIES

Plaintiff, Margie McRae, M.D., is a physician, board certified in General Surgery in about 1982 without recertification. Plaintiff had considerable experience in Internal/General Medicine, less in the Orthopedics specialty, and very little in the Neurology specialty. She has at all times pertinent to this complaint been a resident of Oakland, California.

Plaintiff did work for defendant Barnhardt and the Social Security Administration from about July 2, 2001 till she was summarily terminated effective September 27, 2004. Work related activity was exclusively at the Frank Hagel Federal Building in Richmond, California.

4.

## NOTICE OF INTENT TO FILE A LAWSUIT

Plaintiff sent notice of her intent to file a lawsuit. A copy is attached to this complaint as Exhibit A.

5.

## FACTUAL ALLEGATIONS

Plaintiff submitted a proposal for work in the specific specialty of Internal Medicine to the Social Security Administration. After her proposal and qualifications had been "thoroughly reviewed", she was offered, and accepted, a position in the

specialty of Internal Medicine.

Though she had never been found to be qualified for work in Orthopedics, a male dominated specialty, plaintiff was involuntarily reassigned to that specialty almost immediately.

6.

Though plaintiff had one of the best records in the department for end product, she was given unfavorable evaluations for work in the specialty for which she had never been qualified, Orthopedics, and was compared unfavorably to male physicians in that specialty, who did not have a performance profile or attendance record, another complaint, as good as plaintiff's, despite working exclusively within their own specialty. Plaintiff's requests for comparative data were refused. Plaintiff observed that those male physicians, and a male from another specialty, were treated with deference and more favorably than she was, despite their performance deficiencies.

7.

Plaintiff filed complaints about the discrimination and notified Human Resources about January 13, 2004. Her Human Resources complaint was forwarded to the Contracting Officer, Karen Giles. There was no investigation or response. Plaintiff also complained about the fact that she was required to work, involuntarily, out of specialty. After she filed her complaints, she was given a false evaluation alleging an unsatisfactory performance on the basis of alleged errors in a sample of four cases, two of which had alleged mistakes for an error rate of 50%. The evaluation was false. Plaintiff was summarily terminated before her 30 day response period expired. All of her responses to false evaluations, citing to the records involved, were ignored.

8.

Though plaintiff and these male physicians were in the same classification, Medical Consultants, they had different work conditions and expectations. The male physicians performed with lower standards than plaintiff and that was acceptable. Social Security Administration refused to respond to plaintiff's requests for comparative information to document the disparate treatment.

9.

## COUNT ONE

## GENDER DISCRIMINATION COMPLAINT

Plaintiff hereby incorporates by reference paragraphs 1 - 8.

Plaintiff has been treated differently than the male physicians as described based on gender. This count is against defendant Barnhardt and Social Security Administration.

10.

## COUNT TWO

## RETALIATION FOR DISCRIMINATION COMPLAINT

Plaintiff hereby incorporates by reference paragraphs 1 - 9.

Plaintiff was summarily terminated after her complaints about discrimination. This count is against defendant Barnhardt and Social Security Administration.

11.

## COUNT THREE

## RETALIATION FOR PROTECTED SPEECH

Plaintiff herby incorporates by reference paragraphs 1 - 8.

Plaintiff was summarily terminated after her complaint about working out of

specialty. This count is against defendant Barnhardt and Social Security Administration.

12.

## COUNT FOUR

### *SLANDER PER SE*

Plaintiff hereby incorporates by reference paragraphs 1 - 8.

Plaintiff is a highly trained professional. Disparagement of her performance as a

physician is *slander per se* and plaintiff is compelled to publish it to prospective

employers and others on a need to know basis. This count is against defendant The

United States, George Bush, President.

13.

## COUNT FIVE

### VIOLATION OF WAGE AND HOUR LAWS

Plaintiff hereby incorporates by reference paragraph 1 - 8.

Plaintiff was not paid at termination as required and she did not receive other

benefits to which she was entitled. This Count is against defendant Barnhardt and Social

Security Administration.

14.

## COUNT SIX

### PETITION FOR DECLARATORY RELIEF
### PLAINTIFF IS AN EMPLOEE FOR TITLE VII AND WAGE AND HOUR LAWS

Plaintiff hereby incorporates by reference paragraphs 1 - 8.

With the involuntary reassignment to a specialty for which she was not qualified,

and other behavior, plaintiff, a highly trained professional, was treated like an employee,

not an independent contractor. This count if against defendant Barnhardt and Social Security Administration.

15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to award the following relief:

A.    Damages in the amount of $500.000.00, plaintiff's expected earnings but for the conduct described in this complaint as follows:

Counts One, Gender Discrimination;

Count Two, Retaliation for Gender Discrimination Complaint;

Count Three, Retaliation for Protected Speech;

Count Four, *Slander Per Se;*

Count Five, Violation of Wage and Hour Laws.

B.    Determination that plaintiff is an employee under Title VII and Wage and Hour Laws.

C.    Attorney's Fees and Costs of Litigation pursuant to applicable Federal and State laws.

D.    For such and other relief as this Court deems just and appropriate.

E.    Plaintiff demands a trial by jury.

BY:    _____        Dated: March 16, 2007
        MARGIE McRAE, Plaintiff

# EXHIBIT

# A

# NOTICE OF INTENT TO FILE A LAWSUIT

TO:        SOCIAL SECURITY ADMINISTRATION COMMISSIONER
           (SSA)  ? JOANNE BARNHARDT
           6401 Security Boulevard
           Baltimore, MD 21235

FROM:      Margie McRae
           Box 24818
           Oakland, CA 94623-1818

No monetary damages will be requested of IRS.  IRS will be named only as an essential party in determination of petitioner's tax status as an employee rather than an independent contractor.  Petitioner intends to attach IRS Form SS-8 "Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding" to her summary judgment motion for declaratory relief/declaratory judgment to determine her work status.  It is expected that the Social Security Administration will do the same with supporting evidence.  **The medical consultants, petitioner's job title, for the state of California (DDS) are EMPLOYEES, not contractors.**  Petitioner essentially did the same work as they in that she did quality review of the work done by the state-employed doctors and went through the same evaluation process as they for each case reviewed.  Presumably the training and the probation (Probation was less formal at SSA.), was also comparable.

Petitioner will seek damages from the Social Security Administration in a lawsuit based on declaratory judgment as to her work status.

Petitioner entered into a *unilateral* contract with SSA as a "contractor" July 2001.  She was summarily terminated September 27, 2004.  Petitioner is aware of the IRS position that the nature of the work, not the title, is controlling and that "control" is a major factor.

Petitioner's express contract was for work as a medical consultant for the specialty *internal medicine*, but she was immediately ordered to work out of her contract virtually exclusively on *orthopedic* cases.  Petitioner underwent about 3 months of training by SSA, and there was frequent continuing education and OJT (on the job training).  She worked exclusively at the SSA facility in Richmond, California, and assignments were so tightly controlled that charts for cases were individually assigned to her by the SSA *project officer* or a technician.  There were numerous training manuals and support staff assigned to assist medical consultants with questions and problems.  All equipment and supplies were provided by SSA at its facility.

Petitioner was paid an hourly wage, punched in and out on a time clock, and was required

to be *physically present* at the facility to answer questions posed by the Disability Quality Branch (DQB) staff for whom the medical consultants worked.

Petitioner's contract started July 2001. She was summarily terminated on September 27, 2004.

Petitioner seeks damages in the amount of $ 1,800.000.00 for injury resulting from the wrongful termination that includes:

> Breach of contract and lost income;
>
> Slander per se for the defamatory statements by management about her professionally;
>
> Damages for retaliation for protected speech after petitioner raised the issue that her involuntary mandate to work out of contract, the factors enumerated above, and others, made her an employee rather than an independent contractor. Retaliation was also in response to petitioner's statement in response to her "evaluation" that she, a doctor, knew more about medical practice issues than non medical lay persons;
>
> Violation of the ADA and retaliation for requesting reasonable accommodation;
>
> Violation of the anti-discrimination laws and deliberate refusal to respond to petitioner's discrimination complaint. Retaliation for discrimination complaint;
>
> Violation of wage and hour laws including the fact that petitioner was not paid at the time of discharge as required by law;

and any other damages resulting from the wrongful behavior according to proof.


BY:    _____        Dated: March 16, 2005
        MARGIE McRAE

By certified mail with return receipt and priority mail with delivery confirmation.