IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JUL 1 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| MARGIE McRAE, | ) |
| | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) NO. C 07 1538 SBA |
| V. | ) |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| AND THE UNITED STATES, GEORGE | ) |
| BUSH, PRESIDENT, | ) |
| | ) |
| Defendants. | ) |

OPPOSITION TO MOTION TO DISMISS AND SANCTIONS

This opposition is based on Federal Rule 11 ( c ) (1) and is supported by the attached brief.

BY: _____          Dated: July 11, 2007
MARGIE McRAE, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARGIE McRAE, ) | |
| ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | NO. C 07 1538 SBA |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, COMMISSIONER ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| AND THE UNITED STATES, GEORGE ) | |
| BUSH, PRESIDENT, ) | |
| ) | |
| Defendants. ) | |

## BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS AND

### SANCTIONS

Rule 11 ( c ) (1) requires that a challenged motion shall not be filed or lodged with the court till after 21 days to allow it to be withdrawn or corrected. This motion for dismissal was filed on July 2, 2007, the same time it was mailed to plaintiff. It is not in compliance with the above rule and should be denied.

It is correct that plaintiff did not serve the United States Attorney, but it was no less an inadvertence than a veteran United States Attorney placing the name of the Honorable Judge Martin J. Jenkins on a proposed order when the judge in this case is the Honorable Saundra Brown Armstrong (Exhibit 1). Busy people under the pressure of deadlines can, and do, make mistakes.

Plaintiff had a tight deadline based on the time constraints of Judge Jenkins' order. There was no intent to mislead and that would not be possible because plaintiff

would have to prove up her damages after default, and the omission would have surely come to everyone's attention at that time, if not before. It is undisputed that service was defective, but the summons and complaint have now been sent to the civil process clerk in the United States Attorney's office in San Francisco (Exhibit 2), so the defect should be corrected.

Plaintiff takes exception to the allegation of defective summons. That was not an issue in the previous case, though the United States Attorney was not named. The legal tome cited addresses defective service, but not summons. Since the summons is directed to the defendants, and the United States Attorney is not a defendant, it begs the question why the United States Attorney should be on the summons.

Plaintiff filed for default because she was ordered to show cause why she had not done so in the previous case. She apologizes to the Court and to the United States Attorney for her inadvertence, that added an extra layer to the process, but the remedy requested should be denied because it was not presented in compliance with Rule 11 ( c ) (1).

BY: _____          Dated: July 11, 2007
    MARGIE McRAE, M.D., Plaintiff

# EXHIBIT 1

```
1  SCOTT N. SCHOOLS (S.C. BN 9990)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Ninth Floor
5      San Francisco, California 94102
       Telephone:    (415) 436-6909
6      Facsimile:    (415) 436-6748
       Email: jonathan.lee@usdoj.gov
7
8                  UNITED STATES DISTRICT COURT
9                 NORTHERN DISTRICT OF CALIFORNIA
10                     SAN FRANCISCO DIVISION
11
    MARGIE MCRAE,                    )   No. C 06-1999 MJJ
12                                   )
         Plaintiff,                  )
13                                   )   ORDER GRANTING
      v.                             )   ADMINISTRATIVE MOTION TO
14                                   )   CONSIDER WHETHER CASES
    JOANNE BARNHART, Commissioner of )   SHOULD BE RELATED
15  the SOCIAL SECURITY              )
    ADMINISTRATION, Mark W. Everson, )
16  Commissioner of the INTERNAL     )   Civil Local Rules 3-12(b), 7-11
    REVENUE SERVICE; KAREN GILES;    )
17  PHYLLIS SCADUTO;                 )
                                     )
18       Defendants.                 )
                                     )
19  MARGIE MCRAE,                    )   No. C 07-1538 SBA
                                     )
20       Plaintiff,                  )
                                     )
21    v.                             )
                                     )
22  MICHAEL J. ASTRUE, COMMISSIONER  )
    OF THE SOCIAL SECURITY           )
23  ADMINISTRATION; GEORGE W. BUSH,  )
    PRESIDENT OF THE UNITED STATES   )
24  OF AMERICA,                      )
                                     )
25       Defendants.                 )
                                     )
26
27
28

    PROPOSED ORDER ON ADMINISTRATIVE MOTION TO RELATE
    C 06-1999 MJJ & 07-1538 SBA                  -1-
```

1 | The Motion for Miscellaneous Relief under Civil Local Rule 7-11 is GRANTED. The Court
2 | finds that Action 07-1538 is substantially similar to Action 06-1999, an earlier action filed by Dr.
3 | McRae, and therefore the cases shall be related due to their common questions of fact and law.

Dated: July __, 2007

The Honorable Martin J. Jenkins
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT 2



## CERTIFICATE OF SERVICE

This is to certify that I have this day served the defendant in this matter with the following:

1. OPPOSITION TO MOTION FOR DISMISSAL AND FOR SANCTIONS

2. FIRST AMENDED COMPLAINT (not filed)

3. RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

by properly addressing same to :

    Jonathan U. Lee, Asst. U.S. Attorney
    Northern District of California
    Federal Building, 10th FL
    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495

and by depositing it with the United States Postal Service with adequate postage to assure delivery.

BY: _____    Dated: July 11, 2007
     MARGIE McRAE, M.D., Plaintiff