SCOTT N. SCHOOLS (S.C. BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

   450 Golden Gate Avenue, Ninth Floor
   San Francisco, California 94102
   Telephone:    (415) 436-6909
   Facsimile:    (415) 436-6748
   Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARGIE MCRAE, ) | No. C 07-1538 MJJ |
|    Plaintiff, ) | Related to C 06-1999 MJJ |
| v. ) | **MOTION TO DISMISS** |
| MICHAEL J. ASTRUE, COMMISSIONER ) OF THE SOCIAL SECURITY ) ADMINISTRATION; GEORGE W. BUSH, ) PRESIDENT OF THE UNITED STATES ) OF AMERICA, ) | **Date:** September 25, 2007<br>**Time:** 9:30 a.m.<br>**Ctrm:** 11, 19th Floor<br>**Address:** 450 Golden Gate Avenue,<br>    San Francisco, CA 94102 |
|    Defendants. ) | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, iii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.    Standards of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    II.    Plaintiff Cannot State A Claim for Contract Damages Because (1) Under Res Judicata principles, the Court Dismissed Those Claims With Prejudice and (2) This Court Lacks Jurisdiction Over Such Claims. . . . . . . . . . . . . . . . . . . . . . . . . . 4

    III.    Plaintiff Cannot State Any Claim For Declaratory Relief Regarding Her Employment Status Because (1) Under Res Judicata Principles This Court's Prior Judgment Bars Such A Claim and (2) This Court Lacks Jurisdiction Over Such Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    IV.    Plaintiff Cannot State Any Claim For Employment Discrimination Because (1) This Court Lacks Jurisdiction Over Such Claims and (2) Plaintiff Has Failed to Exhaust Administrative Remedies Before Filing Suit. . . . . . . . . . . . . . . . . . . . . . 7

    V.    Plaintiff Cannot State Any Claim For Slander Per Se Because of the United States' Limited Waiver of Sovereign Immunity. . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

Allen v. Veteran's Administration,
749 F.2d 1386 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Billings v. United States,
57 F.3d 797 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Boyd v. United States Postal Service,
752 F.2d 410 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Brown v. General Services Administration,
425 U.S. 820 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Denton v. Schlesinger,
605 F.2d 484 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

Geraci v. Homestreet Bank,
347 F.3d 749 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Gospel Missions of America v. City of Los Angeles,
328 F.3d 548 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Gould v. U.S. Dept. of Health & Human Services,
905 F.2d 738 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Johnson v. Peterson,
996 F.2d 397 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kennedy v. United States Postal Service,
145 F.3d 1077 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Kokkonen v. Guardian Life Ins. Co.,
511 U.S. 375 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Lee v. Thornton,
420 U.S. 139 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

MacKay v. Pfiel,
827 F.2d 540 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

McNeil v. United States,
508 U.S. 106 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Meridian Intern. Logistics, Inc. v. U.S.,
939 F.2d 740 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Orleans,
425 U.S. at 807 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Richardson v. Morris,
409 U.S. 464 (1973) .................................................. 7

Smith v. United States,
507 U.S. 197 (1993) *citing* 28 U.S.C. §1346 (b) ................................ 9

Southwest Marine on Behalf of Universal Painting and Sandblasting v. United States,
43 F.3d 420 (9th Cir. 1994) ............................................. 6

Southwest Marine v. United States,
926 F. Supp. 142 (N.D. Cal. 1995) ........................................ 6

Sprewell v. Golden State Warriors,
266 F.3d 979 (9th Cir. 2001) ............................................ 4

Thigpen v. United States,
800 F.2d 393 (4th Cir. 1986) ............................................ 9

Tucson Airport Auth. v. General Dynamics Corp.,
136 F.3d 641 (9th Cir. 1998) ............................................ 7

United States v. King,
395 U.S. 1 (1969) .................................................... 7

United States v. Sherwood,
312 U.S. 584 (1941) ................................................... 9

United States v. Testan,
424 U.S. 392 (1976) ................................................... 9

Vinieratos v. United States Department of the Air Force ["Vinieratos"],
939 F.2d 762 (9th Cir. 1991) ............................................ 7

**FEDERAL STATUTES**

41 U.S.C. § 602 ...................................................... 6

42 U.S.C. §2000e-16(c) ................................................ 7

28 U.S.C. §§ 1346 .................................................... 5

28 U.S.C. § 1491 ..................................................... 5

28 U.S.C. § 2680(h) ................................................... 9

41 U.S.C. § 605(a) .................................................... 6

**FEDERAL RULES & REGULATIONS**

FRCP 12(b)(1) ....................................................... 1

FRCP 12(b)(6) ....................................................... 1

FRCP 4 ............................................................. 3

**TO PLAINTIFF MARGIE MCRAE:**

**PLEASE TAKE NOTICE** that on Tuesday, September 25, 2007 at 9:30 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, before the Honorable Martin J. Jenkins, United States District Judge, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, the Federal Defendants Michael J. Astrue, Commissioner of the Social Security Administration and George W. Bush, President of the United States will and hereby do move the court for an order (1) dismissing the action under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction and/or (2) dismissing the action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed herewith.

DATED: August 3, 2007            Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

 /s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for the United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff Margie McRae, a licensed attorney in California since 1987 (CBN 132769), filed an action in 2006 against certain Federal Defendants alleging breach of contract, declaratory relief, slander and employment discrimination claims. This Court granted the Federal Defendants' motion to dismiss the earlier action, C 06-1999 MJJ, on March 5, 2007. *See* Docket #20. In its Order, the Court dismissed plaintiff's breach of contract and declaratory relief claims with prejudice. However, the Court dismissed plaintiff's other claims without prejudice to their refiling in twenty days.

Plaintiff refiled all of the claims in a new action, C 07-1538 SBA. The new complaint includes the breach of contract and declaratory relief theories among the claims. This motion, as

---

[1] Mr. Astrue is the current Commissioner, replacing Joanne Barnhardt.

MOTION TO DISMISS
C 07-1538 SBA                    -1-

a result, seeks an order dismissing those claims on res judicata grounds.  In addition, this motion seeks an order dismissing all of the remaining claims.  Plaintiff's slander per se claim is prohibited by express exceptions to the waiver of sovereign immunity in the Federal Tort Claims Act.  Plaintiff's employment discrimination claims should also be dismissed.  First, they are dependent on a showing by plaintiff that she was an employee of the Social Security Administration.  That disputed issue will be taken up in the litigation plaintiff may bring in the Federal Circuit or Court of Claims.  In addition, this Court lacks jurisdiction over those claims because plaintiff has not exhausted the required administrative remedies before filing suit.

      Accordingly, the Court should dismiss this action.

## STATEMENT OF FACTS

**I.    Procedural History of the First Action (Action 06-1999 MJJ)**

      On March 15, 2006, plaintiff filed this action for breach of contract and employment discrimination against the Commissioner of the Social Security Administration, the Commissioner of the Internal Revenue Service, and individual employees of the Social Security Administration Karen Giles and Phyllis Scaduto. [Docket #1]

      On April 28, 2006, plaintiff filed a return of summons showing service of the complaint on the SSA Commissioner Barnhardt, IRS Commissioner Everson, defendant Scaduto, and the Department of Justice. [Docket #4]

      On October 4, 2006, Assistant U.S. Attorney Jonathan U. Lee filed a motion to dismiss the complaint for failure to serve in compliance with Federal Rule of Civil Procedure 4. [Docket #9]

      On November 13, 2006, the Honorable Martin J. Jenkins filed an order denying the motion to dismiss, extending the time for service, and requiring plaintiff to serve defendants properly within 30 days. [Docket #13]

      On December 6, 2006, plaintiff filed a Certificate of Service of the complaint. [Docket #14]

      On January 8, 2007, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust administrative remedies before filing suit and/or lack of jurisdiction over the contract claims. [Docket #15].

On February 8, 2007, plaintiff filed a motion for declaratory relief to have herself declared an employee of the Social Security Administration, not a contractor. [Docket #17]

On March 5, 2007, the Court filed its order granting in part and denying in part defendant's motion. [Docket #20] In the order, the Court dismissed certain claims with prejudice and dismissed the remaining claims without prejudice and permitted plaintiff to refile those claims within 30 days.

The Court then issued an order dated April 2, 2007, striking plaintiff's motion for declaratory relief. [Docket #21]

## II.     Procedural History of this Action (Action 07-1538 SBA)

On March 16, 2007, plaintiff filed this action for breach of contract and employment discrimination against the Commissioner of the Social Security Administration and the President of the United States.[2] [Docket #1]

After plaintiff declined assignment to a magistrate, the Clerk reassigned this action to the Hon. Saundra B. Armstrong. [Docket #5]

On April 24, 2007, plaintiff filed a return of summons regarding service of the complaint. [Docket #6]

On May 2, 2007, the Court issued a notice of telephonic case management conference for June 28, 2007 at 2:45 p.m. [Docket #7]

On June 26, 2007, plaintiff filed a motion for default judgment, alleging she had properly served the complaint on the defendants and attaching proofs of service for Commissioner Barnhardt and Attorney General Gonzales only. [Docket #9]

Defendants filed a motion to dismiss for failure to serve and defective summons, on July 2, 2007. [Docket #11-12]

Plaintiff then withdrew her motion for default judgment on July 12, 2007. [Docket #23]

Defendants filed a motion to relate this action to the earlier case described above on July 2, 2007. [Docket #13-14]

---

[2] Mr. Astrue is the current Commissioner, replacing Ms. Barnhardt.

MOTION TO DISMISS
C 07-1538 SBA                                  -3-

On July 27, 2007, the Court granted the Federal Defendants' motion to relate, which reassigned this case to District Judge Jenkins. [Docket #24]

**ARGUMENT**

**I.    Standards of Review.**

Where subject matter jurisdiction is lacking, dismissal pursuant to Rule 12(b)(1) is the appropriate disposition. *MacKay v. Pfiel*, 827 F.2d 540, 543 (9th Cir. 1987). Once the defendant objects to a lack of subject matter jurisdiction, plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To survive a motion to dismiss under Rule 12(b)(1), plaintiff must prove that the Court has jurisdiction to hear the case. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction...It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction.").

A motion under Rule 12(b)(6) may be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The complaint should be construed in the light most favorable to the plaintiff. *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). While the material factual allegations are taken as true and construed in the light most favorable to the non-movant, the Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference," or "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**II.    Plaintiff Cannot State A Claim for Contract Damages Because (1) Under Res Judicata principles, the Court Dismissed Those Claims With Prejudice and (2) This Court Lacks Jurisdiction Over Such Claims.**

In this action, plaintiff alleges contract-based claims. For example, in Count Five, plaintiff claims that when she was terminated from employment, she should have received pay and other benefits. *See* Complaint at ¶12. Plaintiff also claims that she was an employee, not an independent contractor, which is another contract-based claim, set forth in Count Six. *Id.* at ¶14. Furthermore, plaintiff attaches her "Notice of Intent to File Lawsuit" dated March 16, 2005 as

1  Exhibit A to her Complaint, and in that document, plaintiff alleged the existence, breach, and
2  wrongful termination of a contract with the Social Security Administration that caused her
3  damages of $1,800,000 for, among other things, "breach of contract." *Id.*, Exhibit A.
4        In its Order dated March 5, 2007, this Court granted defendants' motion to dismiss
5  plaintiff's contract claims. "[A]ny contract claim Plaintiff may have against Defendants is
6  subject to the [Contract Disputes Act] and Plaintiff is required to comply with the administrative
7  requirements set forth herein." *See* Docket #20, Order at p. 5. The dismissal was with prejudice.
8  Id. Three requirements must be met for a decision in a prior action to preclude a claim in a later
9  action: (1) identical parties, or parties in privity with the parties in the prior litigation; (2)
10 identity of claims; and (3) a final judgment on the merits in the prior action. *Gospel Missions of*
11 *America v. City of Los Angeles*, 328 F.3d 548, 555 (9th Cir. 2003). All three elements are present
12 in this instance. Therefore, under res judicata principles, plaintiff cannot bring any contract-
13 based claims in this action.
14       Furthermore, in addition to res judicata, the Court has no jurisdiction over plaintiff's
15 contract-based claims because they must be brought in another forum. The Tucker Act is the
16 limited waiver of sovereign immunity that permits contract claims against the federal
17 government. Under the Tucker Act, "[t]he United States Court of Federal Claims shall have
18 jurisdiction to render judgment upon any claim against the United States founded ... upon any
19 express or implied contract with the United States ... in cases not sounding in tort...." 28 U.S.C.
20 § 1491. Where such claims have been made in an action asserting employment contract-based
21 rights against the United States, the Ninth Circuit has held that such claims are not properly
22 brought in district court. *Denton v. Schlesinger*, 605 F.2d 484, 486 (9th Cir. 1979) (looking
23 beyond labels on plaintiff's injunctive relief claims for reinstatement, back pay, declaratory
24 relief, and other equitable relief, the court ordered the action transferred to Court of Claims due
25 to lack of jurisdiction in district court). Though the Court of Claims and district courts have
26 concurrent jurisdiction over most civil actions and claims brought against the United States for
27 amounts not exceeding $10,000, the Court of Claims has exclusive jurisdiction to hear cases for
28 claims exceeding $10,000. 28 U.S.C. §§ 1346, 1491. Here, plaintiff is seeking $500,000 in
   damages. Therefore, her case should be removed to the Court of Claims.

MOTION TO DISMISS
C 07-1538 SBA                              -5-

Finally, under the Contract Disputes Act ("CDA"), Congress provided an administrative claims process for contract-based claims to be made against the federal government and uniformly resolved. The CDA applies to any express or implied contract entered into by an executive agency for the procurement of property or services. 41 U.S.C. § 602. The CDA requires that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). Here, any contract claim plaintiff alleges against the United States woudl be covered by the CDA because she claims contractual privity with a federal executive agency, the Social Security Administration, and the contract concerns "the procurement of services." 41 U.S.C. § 602(a); *see also Southwest Marine on Behalf of Universal Painting and Sandblasting v. United States*, 43 F.3d 420, 423 (9th Cir. 1994) ("To proceed under the CDA, an aggrieved contractor must first present its claim to the agency Contracting Officer. [41 U.S.C.] § 605(a)."). Absent the filing of an administrative claim, the Court lacks subject matter jurisdiction to adjudicate the case. As succinctly held by Judge Orrick:

> As discussed above, Southwest did not file certified claims with the contracting officer prior to filing its two complaints in the Court. Because Southwest failed to exhaust the CDA's administrative remedies, this Court lacks subject matter jurisdiction over these suits.

*Southwest Marine v. United States*, 926 F.Supp. 142, 147 (N.D. Cal. 1995).

This Court has already determined that it lacks jurisdiction over plaintiff's contract claims. See Order at 5. Plaintiff has not initiated, let alone exhausted, the CDA claims process. Her failure to comply with the jurisdictional requirement of filing an administrative claim therefore requires dismissal of this action against the United States.

**III. Plaintiff Cannot State Any Claim For Declaratory Relief Regarding Her Employment Status Because (1) Under Res Judicata Principles This Court's Prior Judgment Bars Such A Claim and (2) This Court Lacks Jurisdiction Over Such Claims.**

In its March 5, 2007 Order, this Court granted Defendants' motion to dismiss plaintiff's claim for declaratory relief. *See* Action 06-1999 MJJ Docket #20 at p. 9. The dismissal was with prejudice. Id. Plaintiff cannot re-plead these claims, because res judicata principles bar that claim.

Furthermore, plaintiff's declaratory relief claim does not fall under the district courts' jurisdiction. There is no waiver of sovereign immunity such that the United States may be sued for declaratory relief. Under the Tucker Act, district courts are empowered to awarded damages but not to grant injunctive or declaratory relief. *See Lee v. Thornton*, 420 U.S. 139, 140 (1975); *Richardson v. Morris*, 409 U.S. 464 (1973); *United States v. King*, 395 U.S. 1 (1969); *Tucson Airport Auth. v. General Dynamics Corp.*, 136 F.3d 641, 646 (9th Cir. 1998) ("The Tucker Act impliedly forbids declaratory and injunctive relief.").

Accordingly the Court should dismiss plaintiff's declaratory relief claim, again, with prejudice.

### IV. Plaintiff Cannot State Any Claim For Employment Discrimination Because (1) This Court Lacks Jurisdiction Over Such Claims and (2) Plaintiff Has Failed to Exhaust Administrative Remedies Before Filing Suit.

Plaintiff's claims in Counts One, Two and Three are employment discrimination causes of action brought under Title VII. See Complaint ¶¶ 9-11. Exhaustion of administrative remedies is a prerequisite to filing suit under Title VII. *See Brown v. General Services Administration*, 425 U.S. 820, 835 (1976); *Vinieratos v. United States Department of the Air Force* ["*Vinieratos*"], 939 F.2d 762, 773 (9th Cir. 1991); *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985). Administrative remedies, once initiated, must be exhausted before a suit may be filed. *Vinieratos*, 939 F.2d at 770. Failure to do so may be fatal to a plaintiff's ability to pursue his case in federal court.

Abandonment of an administrative claim before a final disposition is reached prevents exhaustion and precludes judicial review. *Vinieratos*, 939 F.2d at 772. As the Ninth Circuit explained:

> The law requires an aggrieved federal employee to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses. When a federal employee obstructs the smooth functioning of a properly elected administrative process to pursue a remedy elsewhere, he fails to exhaust his chosen remedy and thereby forecloses judicial review.

*Id. See also Johnson v. Peterson*, 996 F.2d 397, 400-01 (D.C. Cir. 1993) ("employee who chooses the negotiated grievance procedures must first appeal the arbitrator's award to the EEOC before bringing suit in district court"; failure to do so constituted failure to exhaust administrative

MOTION TO DISMISS
C 07-1538 SBA
-7-

remedies and resulted in dismissal of suit). According to Title VII as codified in 42 U.S.C. § 2000e-16(c), an employee filing a civil action must do so "[w]ithin 90 days of a receipt of notice of final action taken by a department, agency ... or by the [EEOC] upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin ... or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the [EEOC] on appeal from a decision ... if aggrieved by the final disposition of his complaint or by the failure to take final action on his complaint ...." Plaintiff claims she filed a complaint with the EEOC, Related case No. 06-1999 MJJ, Complaint at ¶ 4, but only offers a letter from the EEOC to her describing its method of complaint investigation. Related case No. 06-1999 MJJ, Complaint at Exhibit 6.

In this Action, plaintiff does not allege compliance with and exhaustion of the required administrative process. She does not attach an order from the Equal Employment Opportunity Commission ending any such claim with finality. Plaintiff cannot show exhaustion of the required administrative claims process, so her claims should be dismissed under controlling Ninth Circuit precedent.

In addition, plaintiff's Title VII claims depend on whether she can establish her status as an employee of the federal government, because Title VII prohibits discrimination against employees by employers. Plaintiff's complaint attempts to state a claim of declaratory relief seeking order that she was an employee. Thus, plaintiff's claim of employee status is bound up in her declaratory relief and breach of employment contract claims. These claims must be brought in a different court, as explained above. *See Denton v. Schlesinger*, 605 F.2d 484, 486 (9th Cir. 1979) (looking beyond labels on plaintiff's injunctive relief claims for reinstatement, back pay, declaratory relief, and other equitable relief, the court ordered the action transferred to Court of Claims due to lack of jurisdiction in district court). For this additional reason, plaintiff's Title VII claims should be dismissed so that plaintiff can not only pursue the required administrative remedies but also pursue her claim of employment in the proper forum.

V. **Plaintiff Cannot State Any Claim For Slander Per Se Because of the United States' Limited Waiver of Sovereign Immunity.**

1    Plaintiff's complaint contains a "count" for slander per se.  For the reasons explained
below, plaintiff cannot make out such a claim, because it is not recognized as a matter of law, and
plaintiff cannot in any case name the President of the United States in this or any other claim.

   Plaintiff's slander per se claim sounds in tort.  The United States' waived its sovereign
immunity to certain tort claims in the Federal Tort Claims Act ("FTCA").  The FTCA is the
exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its
agencies and/or employees acting within the scope of their employment. *Smith v. United States,*
507 U.S. 197 (1993) *citing* 28 U.S.C. §1346(b).  All limits and conditions within the FTCA are to
be strictly construed in favor of the sovereign. *McNeil v. United States,* 508 U.S. 106 (1983);
*Orleans,* 425 U.S. at 807; *Thigpen v. United States,* 800 F.2d 393 (4th Cir. 1986). The sovereign
cannot be sued without its consent. *United States v. Sherwood,* 312 U.S. 584 (1941); *Gould v.
U.S. Dept. of Health & Human Services,* 905 F.2d 738, 741 (4th Cir. 1990).  Moreover, the terms
of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan,*
424 U.S. 392 (1976).

   Plaintiff's count names George Bush, President, as defendant.  This is improper, because
the purpose of the FTCA is to remove the personal liability of federal employees for common law
torts committed within the scope of their employment; and it provides that the exclusive remedy
for such torts is through FTCA actions against the United States. *Billings v. United States*, 57
F.3d 797, 799 (9th Cir. 1995).  Therefore, plaintiff's claim of slander per se necessarily falls under
the FTCA and naming the United States, the only proper defendant. *Allen v. Veteran's
Administration*, 749 F.2d 1386, 1388 (9th Cir. 1984) (stating that under the FTCA "individual
agencies of the United States may not be sued."); *Kennedy v. United States Postal Service*, 145
F.3d 1077 (9th Cir. 1992).  Thus, plaintiff is barred from asserting her claim against any defendant
other than the United States.

   Finally, the United States did not waive its sovereign immunity for claims of slander.
Federal Defendants the SSA, the SSA Commissioner Michael J. Astrue, and President George
Bush.  28 U.S.C. § 2680(h) states in pertinent part: "The provisions of this chapter and section
1346(b) of this title shall not apply to...(h) Any claim arising out of ... slander..."  Thus, plaintiff's
claim of slander is prohibited by the terms of the FTCA. *Meridian Intern. Logistics, Inc. v. U.S.*,

1  939 F.2d 740, 742-43 (9th Cir. 1991)(describing section 2680(h) as an express exception to the
2  FTCA that is jurisdictional).

## CONCLUSION

The Federal Defendant respectfully requests that the Court grant this motion and dismiss the complaint.

DATED: August 3, 2007                    Respectfully submitted,

                                         SCOTT N. SCHOOLS
                                         United States Attorney


                                          /s/
                                         ─────────────────────────────
                                         JONATHAN U. LEE
                                         Assistant United States Attorney
                                         Attorneys for the United States of America