SCOTT N. SCHOOLS (S.C. BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

   450 Golden Gate Avenue, Ninth Floor
   San Francisco, California 94102
   Telephone:   (415) 436-6909
   Facsimile:   (415) 436-6748
   Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARGIE MCRAE, | No. C 07-1538 MJJ |
| Plaintiff, | Related to C 06-1999 MJJ |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES OF AMERICA, | **REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: September 25, 2007<br>Time: 9:30 a.m.<br>Ctrm: 11, 19th Floor<br>Address: 450 Golden Gate Avenue,<br>          San Francisco, CA 94102 |
| Defendants. | |

**INTRODUCTION**

On August 3, 2007, Federal Defendants Astrue and Bush moved to dismiss this action, citing the Court's prior orders in Related Case 06-1999 MJJ ("related case"). On August 30, 2007, plaintiff filed an opposition, which counsel for the Federal Defendants did not receive via service. The Federal Defendants obtained a copy of plaintiff's opposition from the Court's clerk on September 6, 2007 and hereby submit this reply.

# DISCUSSION

**A. There Is No Good Faith Basis for Asserting Claims Previously Dismissed With Prejudice.**

In its March 5, 2007 Order in the related case, this Court dismissed plaintiff's (1) contract-based claims and (2) claims for declaratory relief *with prejudice*, as noted in the moving papers. Plaintiff re-filed these same claims in this case. According to the California state bar website, http://members.calbar.ca.gov/search/member.aspx, plaintiff is an attorney licensed in California and has been since 1987.[1] As such, plaintiff knows or should know that a dismissal with prejudice has preclusive effect against the same claims being reasserted against the same parties. As an attorney, plaintiff is subject to the rules of conduct governing the legal profession and requiring a good faith basis for bringing causes of action. Plaintiff's opposition offers no valid excuse for re-filing the contract and declaratory relief claims.

Because there is no good faith basis for plaintiff to proceed with these claims, which have been adjudicated already by this Court, they must be dismissed.

**B. Plaintiff Cannot Proceed With The Remaining Claims, Either Because of Failure to Exhaust Administrative Remedies or Lack of Jurisdiction.**

The Federal Defendants moved to dismiss on the alternative grounds that plaintiff's claims should be dismissed for failure to state a claim (on failure to exhaust administrative remedies grounds) or lack of jurisdiction over the subject matter.

The district courts are courts of limited jurisdiction. To survive a Rule 12(b)(1) motion, plaintiff must prove the district court has jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Although a complaint will be construed in a light most favorable to plaintiff under Rule 12(b)(6), the complaint has to state allegations of fact, not

---

[1] In her earlier pleadings, plaintiff described herself as having "pro se" status. In its March and April 2007 Orders in the related action, this Court described plaintiff as "pro se." In the Ninth Circuit, under certain circumstances, courts treat plaintiffs proceeding pro se with a certain degree of leniency. *See* Rand v. Rowland, 154 F. 3d 952, 963 (9th Cir. 1998) (summary judgment warning). Those rules should not apply here, because as this motion brought to light, plaintiff is an attorney representing herself in this action, not a pro se litigant.

conclusions, and a complaint must set out a claim that could entitle a plaintiff to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

On all remaining claims, plaintiff has failed to offer any valid authority for this Court to permit her claims to proceed.

1.     <u>All contract-based claims should be dismissed for failure to exhaust administrative remedies</u> – As the Court previously discussed in its March 5, 2007 Order in the related case, the Court lacks jurisdiction over plaintiff's claims because she has not exhausted the claims process required by the Contract Disputes Act. Plaintiff offers no opposition to the motion.

2.     <u>Declaratory relief must be dismissed</u>: Similarly, the Court previously dismissed these claims for failure to state a claim under Rule 12(b)(6). In addition, plaintiff's claims are against the federal government and are thus barred by sovereign immunity unless the government has consented to suit, <u>United States v. Mitchell</u>, 463 U.S. 206 (1983); and there is a substantive basis for relief, <u>Leath v. Stetson</u>, 686 F.2d 769, 771 (9th Cir.1982). When contract-based claims are bound up with claims for declaratory relief, those claims must be brought in another court, after exhaustion of administrative remedies. <u>Denton v. Schlesinger</u>, 605 F.2d 484, 486 (9th Cir. 1979) (looking beyond labels on plaintiff's injunctive relief claims for reinstatement, back pay, declaratory relief, and other equitable relief, the court ordered the action transferred to Court of Claims due to lack of jurisdiction in district court).[2]   Again, there is no opposition to the

---

[2] The Federal Defendants seek dismissal of the employment discrimination claims on the same grounds. Plaintiff's claim for declaratory relief that she was actually a federal employee, not an independent contractor, is integral to her contract-based claims and any claim for discrimination under Title VII, which applies only to employees, not independent contractors. <u>Adcock v. Chrysler Corp.</u>, 166 F.3d 1290, 1292 (9th Cir. 1999). For that reason, plaintiff's discrimination claims should proceed in conjunction with her contract-based claims after transfer to another court. <u>North Side Lumber Co. v. Block</u>, 753 F.2d 1482, 1484 n. 4 (9th Cir. 1985) (citations) (if related to contract claim, Court of Claims has authority to grant declaratory and injunctive relief). In the alternative, the Federal Defendants move for dismissal of the employment discrimination claims for the separate reason that there has been no exhaustion of the required administrative claims process, as set forth in Section B.3.

1  motion.

2      3.   <u>Plaintiff's employment discrimination claims must be dismissed due to failure of a necessary, required precondition</u>: Exhaustion of administrative remedies is a prerequisite to filing suit under Title VII. *See* <u>Brown v. General Services Administration</u>, 425 U.S. 820, 835 (1976); <u>Vinieratos v. United States Department of the Air Force</u>, 939 F. 2d 762, 768 (9th Cir. 1991) (describing exhaustion as required, statutory precondition to any lawsuit). Plaintiff has not and cannot show exhaustion of administrative remedies. There is no final determination of her discrimination claims from the administrative process. If there had been such a determination, plaintiff could and would have attached the written decision to her complaint, as is commonly done in discrimination suits against the federal government. There is no such final determination known to the federal defendants. For that reason, plaintiff has failed to satisfy a statutory precondition to this action. Any discrimination lawsuit will have to await exhaustion of the required claims process. Plaintiff provides no opposition.

    4.   <u>There is no jurisdiction over any slander claim</u>: There is no waiver of sovereign immunity for this claim to proceed against the federal defendants. *See* 28 U.S.C. § 2680(h)(slander excepted from FTCA waiver); <u>Meridian Intern. Logistics, Inc. v. U.S.</u>, 939 F.2d 740, 742-43 (9th Cir. 1991)(describing section 2680(h) as an express exception to the FTCA that is jurisdictional). Plaintiff offers no opposition.

    5.   <u>Defendant Bush is not a proper party</u>: This defendant is named only in the slander action. That claim is barred because there is no waiver of sovereign immunity permitting it. Assuming any tort damages claim against the federal defendants can proceed, a plaintiff's exclusive remedy for such torts is an action the United States, not individual federal officers. <u>Billings v. United States</u>, 57 F.3d 797, 799 (9th Cir. 1995). Plaintiff offers no opposition to the motion.

REPLY IN SUPPORT OF MOTION TO DISMISS
C 07-1538 SBA                            -4-

**CONCLUSION**

The Federal Defendant respectfully requests that the Court grant this motion and dismiss the complaint.

DATED: September 10, 2007          Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


 /s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for the United States of America