United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGIE MCRAE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOANNE BARNHARDT ET AL,<br><br>　　　　Defendant.<br>_____/ | No. C07-01538 MJJ<br><br>Related to C06-1999 MJJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S ADMINISTRATIVE MOTION FOR A CONTINUANCE** |

### INTRODUCTION

Before the Court are Defendants Michael J. Astrue[1], Commissioner of the Social Security Administration, and George W. Bush's (collectively, "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim.  (Docket No. 29.)  Plaintiff Margie McRae, M.D., ("Plaintiff") does not oppose the motion on substantive grounds, but has requested leave to amend her pleadings.[2]  (Docket No. 30.)  For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Claims for Breach of Contract, Declaratory Relief, and "Slander Per Se" **WITH PREJUDICE**.  The Court also **GRANTS** Defendant's Motion to Dismiss Plaintiff's Claims for Employment Discrimination **WITH LEAVE TO AMEND**.

---

[1] Defendant Astrue is the current Commissioner of the Social Security Administration, replacing Joanne Barnhardt, the original named defendant in this action.  Defendant Astrue is being sued in his official capacity.

[2] Plaintiff also has made a motion for a continuance of her hearing date, currently scheduled for October 16, 2007. (Docket No. 33.)  Because the Court resolved this matter on the papers, it was not necessary for Plaintiff to appear, and therefore the motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a licensed attorney in California since 1987[3] who also is a physician, filed a civil action in March 2006 against Defendants, alleging claims for breach of employment contract, declaratory relief, "slander per se," and multiple claims of employment discrimination. Plaintiff alleged that she applied to the Social Security Administration ("SSA") for a position of employment as a medical consultant. Plaintiff further alleged that SSA accepted her application on or about June 26, 2001, and that SSA later terminated the employment contract on or about September 27, 2004.

Defendants moved to dismiss the action on January 8, 2007, on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit and that the Court lacked jurisdiction. The Court granted Defendants' motion to dismiss on March 5, 2007.[4] In that order, the Court dismissed Plaintiff's breach of contract and declaratory relief claims with prejudice.[5] However, the Court granted Plaintiff leave to amend her other claims within 20 days.[6]

On March 16, 2007, instead of amending her original complaint, Plaintiff filed this action. Plaintiff asserted identical claims for breach of contract, declaratory relief, "slander per se," and multiple claims of employment discrimination. (Docket No. 1.) On July 2, 2007, Defendants filed a motion to relate this action to the earlier case, C 06-1999. (Docket Nos. 13 and 14.) The Court granted Defendants' motion to relate cases on July 27, 2007. (Docket No. 24.)

On August 6, 2007, Defendants filed this Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. Specifically, Defendants assert that (1) the Court previously dismissed, and lacks subject matter jurisdiction over, Plaintiff's claims for contract damages and declaratory relief as to her employment status; (2) Plaintiff cannot sustain her multiple claims for employment discrimination because the Court lacks subject matter jurisdiction and Plaintiff has not exhausted administrative remedies before filing suit; and (3) Plaintiff cannot sustain a claim for "slander per se" because of the United States' limited waiver of sovereign immunity.

---

[3]California State Bar No. 132769.

[4]C 06-1999 MJJ, Docket No. 20.

[5]*Id.*

[6]*Id.*

2

**LEGAL STANDARD**

**A.    12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction must establish that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). The court also does not need to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678 [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for Everyone*, 373 F.3d at 1039. The *Bell* standard provides that jurisdictional dismissals are warranted "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682-83. Additionally, the Ninth Circuit has admonished that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is

dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139. The jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

**B.     12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

## ANALYSIS

**A.     Plaintiff's Claim for Contract Damages**

In her fifth cause of action, Plaintiff claims that SSA breached her contract with the agency when she did not receive payment and other benefits upon termination of employment. (Complaint ¶ 13.)[7] Defendants argue that Plaintiff's breach of contract claim should be dismissed with prejudice under res judicata principles because the Court dismissed the same claim as part of Plaintiff's earlier

---

[7] Plaintiff also attaches to her complaint a "Notice Of Intent to File A Lawsuit," dated March 16, 2005, as Exhibit A, and in that document, Plaintiff alleges the existence, breach, and wrongful termination of a contract with the SSA that caused her damages of $1,800,000 for "breach of contract." (Complaint, Exhibit A.)

1 action.[8] The Court previously dismissed Plaintiff's contract claim with prejudice because "any
2 contract claim Plaintiff may have against Defendants is subject to the [Contract Disputes Act
3 ('CDA')] and Plaintiff is required to comply with the administrative requirements set forth therein."[9]
4 Plaintiff, therefore, "must bring her contract claim in the Federal Circuit or with the Claims Court
5 after she has exhausted the CDA's required administrative remedies."[10] Plaintiff does not oppose
6 dismissal of this claim.

7 The Ninth Circuit employs a three-part test to determine if a decision in a prior action
8 precludes a claim in a later action: (1) the same parties, or their privies, were involved in the prior
9 litigation; (2) the prior litigation involved the same claim as the later suit; and (3) the prior litigation
10 was terminated by a final judgment on the merits. *See Gospel Missions of Am. v. City of Los*
11 *Angeles*, 328 F.3d 548, 555 (9th Cir. 2003) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill.*
12 *Found.*, 402 U.S. 313, 323-24 (1971)).

13 Here, the first factor is satisfied because Plaintiff's present suit involves substantially the
14 same parties as in the prior action. Plaintiff's earlier cause of action also named as a defendant the
15 Commissioner of the SSA in an official capacity. Additionally, the third factor is satisfied because
16 the Court dismissed the earlier breach of contract claim for lack of subject matter jurisdiction. "It
17 has long been the rule that principles of res judicata apply to jurisdictional determinations—both
18 subject matter and personal." *Ins. Corp. of Ir., Ltd. v. Compagnie Des Bauxites De Guinee*, 456 U.S.
19 694, 702 n. 9 (1982) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171, 172 (1938)). A judgment rendered
20 in a case in which it was concluded that the District Court was without jurisdiction is thus barred by
21 res judicata on collateral attack made by one of the parties. *Willy v. Coastal Corp.*, 503 U.S. 131,
22 137 (1992). Here, instead of amending her original complaint, Plaintiff filed this action. This Court
23 has previously dismissed Plaintiff's prior claims for lack of subject matter jurisdiction and therefore
24 the prior litigation was terminated by a final judgment on the merits.

25 When examining the second factor of the test for claim preclusion, the Court considers four

---

[8] C 06-1999 MJJ, Docket No. 20, Order at 5.

[9] *Id.*

[10] *Id.*

5

questions:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (citing *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992)). The Ninth Circuit has noted that the fourth question is the most important. *Id.* In the present action, the second factor is satisfied because Plaintiff's claim for breach of contract arises out of the same transactional nucleus of facts as the breach of contract claim in the prior action. Additionally, allowing litigation to proceed would impair the right established by the prior judgment for the Defendants to resolve this dispute through the administrative remedies under the CDA. Plaintiff also offers substantially the same evidence in asserting that the SSA breached her employment contract, making the breach of contract claim in this suit almost exactly the same as the claim in the prior suit.

All three elements of the three-part test for claim preclusion are thus met. The Court therefore **GRANTS** Defendants' Motion to Dismiss the breach of contract claim under res judicata principles.[11] Plaintiff's claim for breach of contract is **DISMISSED WITH PREJUDICE**.

**B.    Plaintiff's Claim for Declaratory Relief as to Her Employment Status**

In her sixth cause of action, Plaintiff asserts a claim for declaratory relief as to her status as an employee, as opposed to an independent contractor, of the SSA. (Complaint ¶ 14.) Res judicata

---

[11] Additionally, even if Plaintiff's breach of contract claim was not precluded, Defendants correctly assert that the Court lacks jurisdiction over the claim and that Plaintiff failed to exhaust all administrative remedies prior to filing suit.

The Tucker Act creates a limited waiver of sovereign immunity to permit contract claims against the federal government. Pursuant to the Act, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491. Although the Court of Claims and district courts have concurrent jurisdiction over most civil actions and claims brought against the United States for amounts not exceeding $10,000, the Court of Claims has exclusive jurisdiction to hear the case when an amount exceeding $10,000 is sought. *Denton v. Schlesinger*, 605 F.2d 484, 485-86 (9th Cir. 1979) (citing 28 U.S.C. § 1491). In this case, Plaintiff seeks damages of $500,000. The Court, therefore, lacks subject matter jurisdiction over Plaintiff's claim for breach of contract.

Additionally, pursuant to the CDA, which applies to any express or implied contract entered into by an executive agency for the procurement of property or services, "[a]ll claims by a contractor against the government relating to a contract shall be in writing and submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). District courts lack subject matter jurisdiction over suits under the CDA when the plaintiff has failed to exhaust CDA's administrative remedies. *See Sw. Marine on Behalf of Universal Painting and Sandblasting v. United States*, 43 F.3d 420, 423 (9th Cir. 1994). There is no evidence in this case that Plaintiff has initiated, let alone exhausted, the CDA administrative claims process. Therefore, Plaintiff must bring her contract claim in the Federal Circuit or with the Claims Court after she has exhausted the CDA's required administrative remedies.

6

1 principles also bar this claim.[12]  Plaintiff's current claim for declaratory relief, when compared with
2 her prior claim for declaratory relief that the Court dismissed with prejudice on March 6, 2007: (1)
3 involves substantially the same parties; (2) involves the same claim for declaratory relief; and (3)
4 was subject to a final judgment on the issue of subject matter jurisdiction.  The Court therefore
5 **GRANTS** Defendant's Motion to Dismiss Plaintiff's declaratory claim under res judicata principles.
6 Plaintiff's claim for declaratory relief is **DISMISSED WITH PREJUDICE**.

**C.    Plaintiff's Claim for Employment Discrimination**

Plaintiff's first, second, and third causes of action are for employment discrimination pursuant to Title VII.  (*See* Complaint ¶¶ 9-11.)  Defendants argue that Plaintiff's employment discrimination claims suffer from two defects: (1) Plaintiff offers no evidence that she exhausted her administrative remedies prior to filing this suit; and (2) Plaintiff offers no evidence conclusively establishing her status as an employee of the SSA.  In Plaintiff's Opposition to Defendant's Motion to Dismiss, Plaintiff stated she was under the mistaken impression that the Court's order dismissing her earlier cause of action for employment discrimination only required that she name the proper defendant.  Plaintiff does not otherwise oppose Defendants' contentions.

A Title VII action against federal government is the exclusive judicial remedy for federal employment discrimination and for retaliation for filing charges of discrimination.  *See White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 (9th Cir. 1981).  Title VII "permits an aggrieved employee to file a civil action in a federal district court to review his claim of employment discrimination." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976); *see* 42 U.S.C. § 2000e-16.  The *Brown* Court noted, however, that "[a]ttached to that right . . . are certain preconditions," including the requirement that "the complainant must seek relief in the agency that has allegedly discriminated against him."  *Brown*, 425 U.S. at 832.  The Ninth Circuit has held that "[t]he law requires an aggrieved federal employee to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses" and  "[w]hen a federal employee obstructs the smooth functioning of a properly elected administrative process and abandons that process to pursue a remedy elsewhere, he fails to exhaust his chosen remedy and thereby forecloses judicial review."  *Vinieratos v. U.S. Dept. of the*

---

[12]C 06-1999 MJJ, Docket No. 20, Order at 8-9.

7

1 *Air Force*, 939 F.2d 762, 772 (9th Cir. 1991). Plaintiff adduces no evidence of compliance with, and
2 exhaustion of, the required administrative remedies under Title VII.

3 The Court therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's employment
4 discrimination claims for failure to exhaust administrative remedies as required by Title VII.[13]

**D.    Plaintiff's Claim for "Slander Per Se"**

Plaintiff's fourth cause of action is for "slander per se" against Defendant Bush. Defendants argue that this claim is not recognized as a matter of law and should be dismissed because the President of the United States is not the proper defendant. Plaintiff does not oppose dismissal of this claim "[i]f the Federal Tort Claims Act specifically excludes a cause of action for defamation." (Docket No. 30.)

Plaintiff misunderstands Defendants' objections to her "slander per se" claim. The purpose of the Federal Tort Claims Act ("FTCA") is to remove the personal liability of federal employees for common law torts committed within the scope of their employment, with the exclusive remedy for such torts being FTCA actions against the United States. *See Billings v. United States*, 57 F.3d 797, 799-800 (9th Cir. 1995) (citing H.R. Rep. No. 700, 100th Cong., 2d Sess. 4 (1988)). In the Ninth Circuit, Plaintiff's claim for slander cannot be maintained for failure to name the United States, the only proper defendant. *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).

Additionally, even if Plaintiff named the correct defendant, Plaintiff's cause of action for slander must fail because the United States has not waived its sovereign immunity for the tort of slander. The United States can be sued only to the extent that it has waived its immunity, and due regard must be given to the exceptions to such waiver. *See United States v. Orleans*, 427 U.S. 807, 814 (1976). To this end, the FTCA withholds the waiver of sovereign immunity for certain torts. 28 U.S.C. § 2680(h) states in pertinent part: "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . (h) Any claim arising out of . . . slander . . . ." Thus, Plaintiff's claim of slander is prohibited by the FTCA's own terms.

---

[13] Defendant also asserts that Plaintiff's claims for employment discrimination depend on her ability to establish her status as a federal government employee through her claim for declaratory relief. Because the Court lacks subject matter jurisdiction over the claim for declaratory relief, Defendant asserts that the Court cannot also maintain jurisdiction over Plaintiff's employment discrimination claim when that cause of action is bound up with her claim for declaratory relief. The Court need not reach this issue, however, because Plaintiff failed to exhaust her administrative remedies.

The Court therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's "slander per se" claim. Plaintiff's claim for "slander per se" is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's breach of contract, declaratory relief, and "slander per se" claims **WITH PREJUDICE**.

The Court further **GRANTS** Defendant's Motion to Dismiss Plaintiff's employment discrimination claims. Plaintiff shall have leave to file an Amended Complaint not later than 30 days from the filing date of this Order.

**IT IS SO ORDERED.**

Dated: October 15, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE